BOYD v. BLUE RIDGE RY. CO.

1. JURISDICTION—RAILROADS.—The Court of the county in which the president and the assistant auditor of a railroad company have their offices has jurisdiction of the corporation, in absence of proof that its principal place of business has been established elsewhere, although it has no track within that county, and the charter says its principal place of business shall be in another city.

2. PUNITIVE DAMAGES may be awarded for gross negligence and recklessness so great as to imply wilfulness.

3. CHARGE—ILLUSTRATION.—It is proper to use a hypothetical illustration in a charge, if it contain no statement of facts in case and no opinion of Judge thereon.

Before GARY, J., Greenville, July, 1902.    Affirmed.

Action by James L. Boyd against Blue Ridge Railway Company.    From judgment for plaintiff, defendant appeals.

*Mr. T. P. Cothran*, for appellant, cites: *Question of jurisdiction may be raised at any time:* 25 S. C., 385.    *Greenville Court has no jurisdiction of defendant:* Code, 146; 2 Rich., 516; 1 Strob., 70; 47 S. C., 389; 161 U. S., 496; 26 N. J. L., 121; 30 Vt., 476; 19 N. Y., 408; 15 Ill., 337; 17 Ga., 323; 51 Mo., 308.    *Exemplary damages are not allowed for gross negligence:* 60 S. C., 67; 54 S. C., 509; 61 S. C., 188; 91 U. S., 495.    *Illustration used in charge presented an erroneous standard for punitive damages:* 63 S. C., 494; 62 S. C., 562; 61 S. C., 563; 51 S. C., 460; 30 S. C., 218.

*Messrs. B. F. Martin* and *Carey & McCullough*, contra. *Mr. Martin* cites: *The Court of Greenville had jurisdiction of defendant:* 2 Brock., 393; 47 S. C., 390; 15 Ill., 436; 19 Ency., 1 ed., 797, note 3; 6 Thomp. on Corp., sec. 7999; 4 Id., 4618; 66 N. C., 284; 2 Rich., 512.    *Punitive damages may be awarded where negligence is so great as to justify inference of wantonness, &c.:* 51 S. C., 288; 60 S. C., 48; 61 S. C., 170; 64 S. C., 25; Thomp. on Neg., 22.    *Illustration in charge not error:* 11 Ency. P. & P., 107.

*Mr. McCullough* cites: *Jurisdiction is presumed:* 35 S. C., 372. *Jurisdiction of person is waived by answering, &.:* 58 S. C., 50, 89; 62 S. C., 299.

March 14, 1903. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action was brought in the county of Greenville against Blue Ridge Railway Company for damages for personal injuries which the plaintiff, James L. Boyd, alleged he had suffered from the grossly negligent, reckless and wilful conduct of the defendant's employees, while a passenger on one of its trains. The plaintiff recovered judgment and defendant appeals.

In the first exception, appellant takes the position that the Court of Common Pleas for Greenville County was without jurisdiction of the action, and that it could only be maintained in the Court of Common Pleas for Anderson or Oconee Counties. We assume the correctness of the statement of appellant's counsel that the following facts bearing on this exception are admitted:

"1. The Blue Ridge Railroad runs from Anderson to Walhalla, and lies wholly within the counties of Anderson and Oconee.

"2. In the counties of Anderson and Oconee the company maintains public offices for the transaction of its business, and has there agents upon whom process may be served.

"3. The 'principal place of business of the corporation' is designated in the charter (XXIII. Stat., 1297), at Anderson, S. C.

"4. H. C. Beattie is president of the company, lives at Greenville, and has his office as president there.

"5. A. H. Wells is assistant auditor of the company, lives at Greenville, and has his office as assistant auditor there; the auditor lives at Washington; the secretary at Raleigh, N. C.

"6. The accident occurred in Anderson County."

Appellant contends, first, on authority of *Tobin* v. *Rail-*

*road Co.,* 47 S. C., 390, 25 S. E., 283, that a railroad com-
pany can be sued only in the county where its road is located,
and where it maintains a public office for the transaction of
its business, and an agent upon whom process may be served;
and second, that even if it may be sued as a resident of a
county where it has its principal place of business, such
place of business in this instance is not in Greenville County,
where the suit was brought.   On the first proposition, it is
manifest from the language used by Associate Justice Jones
in the case above cited, the Court did not entertain the
opinion that a railroad corporation is not a resident of the
county where it has its principal office, but, on the contrary,
the view of the Court was that it is not only a resident of
that county, but also of any county where its line is located,
and where it maintains a public office and an agent for the
transaction of business.   The case of *Galveston R. R. Co.* v.
*Gonzales,* 151 U. S., 496, and other like cases referred to in
the opinion, were not followed, because they hold that a rail-
road company is not a resident of a county through which it
operates its line and maintains an office and an agent, but
only of the county where it has its principal place of business.
The Court adopted the view taken in *Glaze* v. *R. R. Co.,* 1
Strob., 70, that the residence of a corporation is not *confined*
to the locality of its principal place of business.   So far as
we can discover, the authorities all agree that a corporation
is regarded a resident of the place where it has its principal
place of business, and may be sued there.

In considering whether the defendant had its principal
place of business in Greenville County, the Court has before
it only the above stated admissions.   The charter of the cor-
poration states, "the principal place of business of the corpo-
ration will be Anderson, in the State of South Carolina."
There is no evidence whatever that its main office has been
established at Anderson, and we have no right to assume this
as a fact.   The president and assistant auditor seem to be
the only important officers of the company doing business for
it in this State, and they both reside in Greenville, and have

their offices there.   In the absence of any proof as to any other locality being the principal place of business, we are obliged to regard it the place where these offices are.   Certainly the Court cannot as a matter of law assume the office of the president is not the principal office of the corporation. The presumption is that the president is the general agent of the company, having the principal direction of its affairs. Thompson on Corporations, sec. 4618.   It is not necessary, therefore, to decide the question whether a railroad company may not be regarded a resident of any county where it maintains a permanent office for the transaction of the business of the corporation, even though it is not the principal place of business and none of its line be operated in the county; for with the facts before the Court we are obliged to consider the main office of Blue Ridge Railway Company at Greenville.

In the second and third exceptions the appellant takes the position that the Circuit Judge charged the jury they might give exemplary damages for gross negligence.   If this is so, the instruction was erroneous.   *Watts* v. *Railway Co.,* 60 S. C., 67, 38 S. E., 240.   The important inquiry, therefore, is whether the charge fairly construed bears this construction.   Upon coming to the subject of exemplary damages, the Circuit Judge said: "Under this complaint, if you find the negligence was so gross, or that from a reckless disregard of the safety of the passengers, the injury resulted, you are allowed to give exemplary damages in the way of punishment."   It is not clear whether the expression "so gross" was intended to be qualified by the word "reckless;" but if the charge had ended here, fair construction would require us to say the jury would have received the impression that exemplary damages might be awarded for gross negligence as well as for recklessness.   In the next sentence, however, it is said: "Negligence may be so gross and so reckless as to imply the act was done wilfully or with premeditation."   This qualified what had been said before, and taken in connection with the illustration imme-

diately following, of a street car driven with extra speed through a crowded street, made it clear that it was not simply gross negligence, but negligence gross and reckless of consequences to others to such degree as to assume the nature of wilfulness, which the jury must have understood to be necessary to warrant a verdict for exemplary damages. If it is fair to conclude the jury received this impression the charge in this regard is fully sustained by the view of this Court as expressed by Chief Justice McIver in *Proctor v. Railway Co.,* 61 S. C., 189, 39 S. E., 351: "Now, it is quite true that negligence may be so gross as to amount to recklessness; but when it does, it ceases to be mere negligence, and assumes very much the nature of wilfulness; so much so, that it has been more than once held in this State that a charge of reckless misconduct will justify the jury, if the same be proved, in awarding punitive, vindictive or examplary damages; while it never has been held, so far as we are informed, that the jury under a charge of mere negligence would be justified in awarding vindictive or examplary damages. One in charge of so powerful and dangerous a piece of machinery as a locomotive is bound to use care in operating it, so as to avoid, as far as practicable, doing injuries to others; and if he uses such machine recklessly and without regard to the rights of others, his conduct may as well be characterized by the term 'wilful' as by the term 'reckless,' for the difference in this regard between recklessness and wilfulness is scarcely appreciable." If any doubt could remain as to the meaning of the charge, it was set at rest by the conclusion where it was said: "You can take in doctor's bill, analysis, suffering, etc., and if the negligence was such as to warrant you to come to the conclusion that it was a wilful and intentional disregard of the passengers of that train—if it was recklessness of that sort—you can add to the actual damages whatever you think proper as punishment or smart money for the punishment of the defendant." The charge given to the jury fairly construed, was, without doubt, to the effect that examplary damages could be

awarded for gross negligence and recklessness so great as to imply wilfulness, and in this there was no error.

The questions made in subdivisions (a) and (b) of the fourth exception have already been discussed. In subdivision (c) of this exception the appellant insists the Circuit Judge invaded the province of the jury, in using the illustration of a motorman of a street car putting on an extra head of electricity and rushing his car through a crowded street, in utter disregard of the safety of the people on the streets. To illustrate by stating a hypothetical case, as was done here, sometimes gives the jury a clearer apprehension of the legal terms the trial Judge is obliged to use in his charge. While such illustrations should, no doubt, be used with great caution, they are admissible when they contain no statement of the facts of the case under consideration and no intimation of the opinion of the Judge on the facts. *Mew* v. *Ry. Co.,* 55 S. C., 100; 32 S. E., 328; *Welch* v. *Manf. Co., Ib.,* 583, 33 S. E., 739; *Mason* v. *Ry. Co.,* 58 S. C., 78, 37 S. E., 226; *Simms* v. *Ry. Co.,* 59 S. C., 256, 37 S. E., 836. In this case the illustration was hypothetical, and contained no reference to the evidence offered and no intimation as to the merits of the case before the Court. Even if the illustration could be regarded as furnishing to the jury a standard of gross and reckless negligence amounting to wilfulness, it was not unfavorable to the defendant that the jury should be led to think the plaintiff must make out a case as strong as the example given by the Court before he could recover exemplary damages.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

*Submitted on printed briefs. R.*