### COLE v. BLUE RIDGE RAILWAY.

1. APPEAL—ADDITIONAL GROUNDS.—If there be error in instructions to jury, the judgment should be reversed, although there may be other grounds upon which it may be reasonably rested.

2. PUNITIVE DAMAGES FOR INJURY AT CROSSING.—Punitive damages may be awarded under sec. 2139, of Code 1902, for injury from wilful, wanton or reckless failure to give the signals required by sec. 2132, of Code of 1902, at a crossing, under allegation in complaint that defendant recklessly failed to give the signals.

3. PROXIMATE CAUSE.—Reference in charge to contributory negligence as *the* proximate cause of an injury held not error in the charge here under the facts.

Before DANTZLER, J., Anderson, October, 1905. Affirmed.

Action by George M. Cole against Blue Ridge Railway Co. From judgment for plaintiff, defendant appeals.

*Mr. T. P. Cothran,* for appellant, cites: *Punitive damages are not recoverable under the signaling statutes:* 25 S. C., 53; 47 S. C., 28; 58 S. C., 222; 61 S. C., 404; 43 S. C., 221; 39 S. C., 517; 43 S. C., 230; 41 S. C., 90; 21 S. C., 338; 39 S. C., 514; 47 S. C., 105, 376; 59 S. C., 254; 33 S. C., 136; 61 S. C., 495; 56 Fed. R., 551; 34 S. C., 451, 292; 53 S. C., 214; 53 S. C., 454; 71 S. C., 1; 170 U. S., 468; 39 S. C., 465; 51 S. C., 480; 70 S. C., 87; 57 S. C., 325; 61 S. C., 187; 26 Ency., 671; 12 Am. Dec., 257; 15 S. C., 552; 14 S. C., 35. *Contributory negligence should not be defined as the proximate cause:* 59 S. C., 322.

*Messrs. Martin & Earle,* contra, cite: *Punitive damages may be awarded under allegation of recklessness:* 69 S. C., 445; 61 S. C., 170; 57 S. C., 228; 60 S. C., 49; 65 S. C., 326; 35 S. C., 486; 59 S. C., 440; 68 S. C., 37. *Wilful disregard of statutory right entails liability for punitive damages:* 65 S. C., 310, 63; 29 S. C., 303; 47 S. C., 383.

September 11, 1906. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The plaintiff in his complaint seeks to recover the sum of $1,000, together with costs, as damages for the killing of his horse by the defendant on the crossing of the defendant's railway over a public highway, in the town of Pendleton, in this State, on the 20th of July, 1904. It is also alleged that the engine and tender of the defendant at the time of the killing of the horse was being run recklessly and at a high rate of speed, and that neither the bell nor the whistle of the engine was sounded, as required by law, at the time of such collision.

The defendant in its answer admits its corporation under the laws of this State, and also the killing of plaintiff's horse by a collision at the crossing of a public road and defendant's

line of railway, but it denies that such road is a public highway and is much used by the people. It also denies that the engine of the defendant struck the plaintiff's horse and buggy while the engine was being negligently and recklessly run by the defendant at a high rate of speed in the town and over said highway crossing; and also it denied the failure to ring the bell and sound the whistle on said engine for the distance of 500 yards from the said crossing and to keep the same ringing or sounding until the engine crossed said highway. It also alleges that the plaintiff's damage was caused by his own gross negligence contributing therewith as proximate cause of the action.

The cause came on for trial before his Honor, Judge Dantzler, and a jury. Both sides offered testimony tending to prove the respective issues of the parties litigant. After a charge by the Judge, the verdict of the jury was for the plaintiff for $200. After entry of judgment thereon, the defendant appealed upon two grounds, and these we will now consider.

"I. The presiding Judge erred in charging the jury, in relation to the alleged statutory ground of liability, that the plaintiff would be entitled to punitive damages if the jury found that the failure of the defendant to give the signals required by Section 2132 was the result of wilfulness, wantonness or recklessness. Specifications: (1) The complaint does not allege either wilfulness or wantonness. (2) The statute, section 2139, does not allow or warrant recovery under it of punitive damages for a neglect to comply with section 2132; under it there can be a recovery of actual damages only, and for neglect only to give the signals. It is a statute of exceptional liability, and contains no provision for punitive damages for a wilful, wanton or reckless failure to give the signals."

We might remark just here, that the plaintiff respondent insists that it is unnecessary to consider this exception because he alleges that it was harmless error, even if we admit that it was error, for the Circuit Judge to so charge, as

herein complained of, because it is evident from the testimony introduced in the case that the jury only gave a verdict for the value of the horse killed, thus eliminating any question as to punitive damages. There is no question that the plaintiff alone introduced testimony as to the value of the horse killed. Several witnesses testified that the horse was worth $200. No one gave testimony as to a less or greater value of the horse killed than $200. The defendant offered no testimony on this issue.

In disposing of this point raised by the plaintiff respondent, we must remark that the decision of this Court in *Bonham* v. *Bishop*, 23 S. C., 96, 105, is conclusive against the plaintiff's point. This Court there declares: "The additional grounds upon which the respondent seeks to sustain the judgment, notwithstanding there may have been error in the charge, cannot be considered. While it is true that a judgment below in a case tried by the Court may be affirmed upon other grounds than those upon which the Circuit Judge placed it, the same is not true of a case tried by a jury. If erroneous instructions have been given to the jury, we cannot know that the conclusion reached by the jury was not the result of such instructions, and, therefore, this Court is bound to grant a new trial, even though there may be other correct legal propositions applicable to the case, which, if they had been laid before the jury, might have induced them to find the same verdict; because, if such additional instructions are not given and not asked for, we cannot conjecture what effect they would have upon the minds of the jury. A verdict is a compound result of the legal instructions given to the jury by the Court and of their findings of fact applied to the legal principles laid down for their guidance, and if there is error in the instructions then there is necessarily error in the judgment, and it must be reversed." So we must decline to hold that the verdict is conclusive against the defendant in the particular there set up

Recurring to the exception itself, we are inclined to hold that there was no error in the Circuit Judge as here com-

plained of, for section 2139, of Code of Laws of S. C., vol. 1, provides: "If a person is injured in his person or property by collision with the engine or cars of a railroad corporation at a crossing, and it appears that the corporation neglected to give the signals required by this chapter and that such neglect contributed to the injury, the corporation shall be liable for all damages caused by the collision, or to a fine recoverable by an indictment, as provided in the preceding section, unless it is shown that, in addition to a mere want of ordinary care, the person having charge of his person or property was, at the time of the collision, guilty of gross or wilful negligence, or was acting in violation of the law; and that such gross or wilful negligence or unlawful act contributed to the injury."

The signals referred to in section 2139 are set out in section 2132. The Circuit Judge was laying down the law relating to punitive damages as well as actual damages. There is no limitation or restriction in the statute relative to the character of damages to be recovered. Indeed, the language used would seem to imply and to cover *all damages,* and we so hold. The term "reckless" was charged in the complaint, and although the words "wilful" and "wanton" were not included in the complaint, the word "reckless" has been held sufficient to allow the jury to apportion exemplary damages as properly applicable thereto. The Circuit Judge in his charge defines punitive damages: *Pickett* v. *Ry. Co.,* 69 S. C., 445, 48 S. E., 466; *Proctor* v. *Ry. Co.,* 61 S. C., 170, 39 S. E., 351; *Glover* v. *Ry. Co.,* 57 S. C., 228, 35 S. E.. 510; *Appleby* v. *Ry. Co.,* 60 S. C., 49, 38 S. E., 237; *Boyd* v. *Ry. Co.,* 65 S. C., 326, 43 S. E., 817. In *Proctor* v. *Ry. Co., supra* (p. 189), it is said: "Now it is quite true that negligence may be so gross as to amount to recklessness, but when it does, it ceases to be mere negligence and assumes very much the nature of wilfulness; so much so, that it has been more than once held in this State that, a charge of reckless conduct will justify the jury, if the same be proved, in awarding punitive, vindictive or exemplary damages; while it has

never been held, so far as we are informed, that the jury, under a charge of mere negligence, would be justified in awarding vindictive or exemplary damages. One in charge of so powerful and dangerous a piece of machinery as a locomotive is bound to use care in operating it, so as to avoid so far as practicable doing injuries to others; and if he uses such machine recklessly and without regard to the rights of others, his conduct may be characterized as well by the term 'wilful' as by the term 'reckless.' " We must overrule this ground of appeal.

"II. The presiding Judge erred in charging the jury as follows: 'Under the common law liability, if a defendant company is negligent, even if a defendant company fails to observe due care, yet if the plaintiff himself contributed to the injury as a proximate cause of the injury, as the immediate cause of it, then the plaintiff cannot recover. Although the defendant company is negligent itself, if the plaintiff contributed to the injury by his own negligence, as the proximate cause, or immediate cause, then he cannot recover. Specifications: (1) The error consists in not having given a proper definition of contributory negligence. It is a want of ordinary care upon the part of the person injured by the negligence of another, combining and concurring with that negligence and contributing to the injury as a (not the) proximate cause thereof; it can never exist except when the injury has resulted from the negligence of the defendant as a concurring proximate cause; the negligence of both, plaintiff and defendant, being a proximate cause and of the two combining and concurring, being the proximate cause.' " It does not seem to us that the Circuit Judge was in error, as here pointed out by the appellant. It would have been better for him to have adhered strictly to the language used by this Court in referring to contributory negligence, yet the language used is so near akin to that used by this Court that we scarcely feel justified in objecting to it. The Circuit Judge was not asked to give a definition of contributory negligence to the jury, yet he, in what he re-

marked to the jury in this connection, pointed out the necessity of proximate cause. This exception must be overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.