## 7974

### WESLEY v. SOUTHERN RY.

1. NONSUIT.—There being a scintilla of evidence to support the cause of action for punitive damages, nonsuit as to it was properly refused.
2. PLEADINGS—NEGLIGENCE—WILFULNESS.—An allegation of "gross negligence" usually implies negligence alone, except where the context requires it to include wilfulness. In this complaint there are two averments, one of negligence and one of wilfulness, and consequently recovery may be had for compensatory and punitive damages.
3. CARRIER—PASSENGER.—The instruction here that the passenger may recover for ejection after presenting a paper which she believed to be a proper ticket, should not be construed as an abstract proposition but as applied to the concrete case as made; which is that a passenger was ejected after presenting a half-fare ticket to a point about five times as far from her station as her destination, after buying and having the proper ticket, the issue being whether the ticket auditor knew or should have known the passenger's destination.
*Divided Court.*

Before ERNEST MOORE, Special Judge, Fairfield, September term, 1910. Affirmed.

Action by Hagar Wesley, by guardian, against Southern Railway. Defendant appeals on the following exceptions:

1. "Because his Honor erred in allowing John Miller, a witness for the plaintiff, over the objection of defendant, to testify to alleged statements of the plaintiff, after she had gotten off the train, the error being that such testimony was not a part of the *res gestae,* but was purely hearsay testimony.

2. "Because his Honor erred in refusing to grant defendant's motion for a nonsuit, upon the ground that there was 'no evidence here to go to the jury on the allegation of wilfulness, recklessness or wantonness,' the error being that there was no relevant or competent evidence tending to support such allegation, and his Honor should have granted the motion for a nonsuit as to punitive damages.

3. "Because his Honor erred in refusing defendant's motion to direct a verdict as to punitive damages, at the close of all the testimony to support the allegations of the complaint setting forth a cause of action for punitive damages, and his Honor should have so held.

4. "Because his Honor erred in refusing to charge the defendant's first request to charge, which was as follows: 'This action is brought solely for wilful tort, and unless you find that there was wilfulness, wantonness or recklessness on the part of the defendant, as alleged in the complaint, you must find a verdict for the defendant,' the error being that said request contained a sound proposition of law, applicable to the facts and pleadings in the case, and should have been charged as requested.

5. "Because his Honor erred in refusing defendant's second request to charge, which was as follows: 'There is no cause of action for negligence stated in the complaint, and therefore, if you find that the defendant did not act wilfully, wantonly, recklessly or maliciously, as alleged in the complaint, you cannot allow anything for actual or compensatory damages, and, in such case, you must find for the defend-

ant,' the error being that such request contained a sound proposition of law applicable to the pleadings and facts in the case, and should have been charged as requested.

6. "Because his Honor erred in holding that the plaintiff could recover compensatory damages in that case, without proof of negligence, and in so charging the jury, when the complaint shows on its face, that the cause of action was solely one for wilful tort, and not for a breach of contract.

7. "Because his Honor erred in charging the jury as follows : 'If you find from the evidence that the plaintiff purchased a full fare ticket, as alleged, from Dawkins to Shelton, and, if you find that the plaintiff boarded the train, as alleged, as a passenger, from Dawkins to Shelton and delivered such ticket, or a paper supposed by her to be such ticket, to the ticket agent or ticket auditor or conductor or other officer demanding it on the train, and, if you find that thereafter, before the arrival of the train at Shelton, the defendant's conductor or other officer on the train required the plaintiff to leave the train, or ejected plaintiff from the train, then the plaintff would be entitled to recover the damages actually and proximately resulting from the putting off of the plaintiff, so far as such actual damages might have been reasonably expected to result,' the error being that by such charge the defendant was made liable for damages, if it ejected the plaintiff for failure to present a ticket entitling her to ride as a passenger, if she presented to defendant's ticket auditor 'a paper supposed by her to be such ticket.'

8. "Because his Honor erred in charging the jury as follows : 'Now, I charge you the proposition stated as to the delivery of the ticket delivered by the plaintiff, and supposed or believed by the plaintiff to be the ticket bought by her—I charge you the proposition with reference to that, for the reason that no contributory negligence is pleaded in this case, and, therefore, if you conclude that the plaintiff had paid full fare for a ticket from Dawkins to

Shelton, and had received such ticket from the agent of the defendant, no negligence by the plaintiff in failing to tender the right ticket can operate to defeat her right to recover damages for a wrongful ejection from the train, because it has not been pleaded, and it cannot be submitted to you where not plead,' the error being, (a) that such charge does not contain a sound proposition of law; (b) that under such charge, the defendant was made liable in damages for ejecting the plaintiff, if she had purchased a ticket, but failed to present it on demand, as it would be her duty to do, or to pay her fare; (c) that even if plaintiff purchased a ticket, it was her duty to present it to defendant's ticket auditor or conductor, on demand, and if she was solely negligent in failing to do so, the defendant could not be held liable in damages for ejecting her; (d) that his Honor thereby charged upon the facts in violation of the Constitution of the State.

9. "Because his Honor erred in refusing to grant defendant's motion for a new trial, upon the ground of error in failing to grant a nonsuit and direct a verdict as to punitive damages, because there was no evidence tending to show recklessness, wantonness, wilfulness or malice on the part of the defendant, the error being that his Honor should have granted the motion for a nonsuit and the direction of a verdict, and should also have granted the said motion for a new trial on said grounds.

10. "Because his Honor erred in refusing to grant a new trial, upon the ground that the verdict was excessive as a verdict for actual damages, the preponderance of the evidence showing that there was no such recklessness, wantonness or wilfulness as would justify a verdict for punitive damages, the error being that there was no proof of actual damages, nor was there any evidence to justify a verdict for punitive damages, and his Honor should have granted a new trial upon said grounds."

*Messrs. B. L. Abney* and *McDonald & McDonald,* for
appellant. *Messrs. McDonald & McDonald* cite: *If action
is solely for wilfulness, only punitive damages can be recov-
ered:* 68 S. C. 98; 69 S. C. 327; Sedg. on Dam., sec. 603;
70 S. C. 108; 77 S. C. 188; 1 Cool. 155-6; 70 S. C. 83; 81
S. C. 319; 6 S. C. 130; 54 S. C. 498; Pom. R. & R., sec.
558; 3 Hutch. on Car., sec. 1358. *Punitive damages could
not be recovered under an honest mistake:* 62 S. C. 270; 69
S. C. 434. *Ticket is evidence of what it purports to be:* 6
Cyc. 558; 2 Hutch. on Car., sec. 1065; 4 Ell. on R. R., sec.
1594; 28 Ency. 156; 24 Am. R. 531.

*Messrs. Ragsdale & Dixon,* contra. *Mr. Ragsdale* cites:
*Declaration of passenger immediately after disembarking is
part of res gestae:* 67 S. C. 347; 21 Ency. 103; 104 Ind.
264; 67 S. C. 359; 13 S. C. 463; 68 S. C. 309; 369; 65 S. C.
1; 74 S. C. 89; 75 S. C. 190; 54 S. C. 498; 65 S. C. 93; 67
S. C. 358. *Conscious failure of carrier to transport passen-
ger is wilfulness:* 87 S. C. 184; 64 S. C. 519; 69 S. C. 328;
65 S. C. 516. *Contributory negligence must be pleaded:*
50 S. C. 49; 68 S. C. 512; 70 S. C. 211; 88 S. C. 7; 84 S.
C. 35.

July 17, 1911. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages,
alleged to have been sustained by the plaintiff, through the
wrongful acts of the defendant, in ejecting her while she
was a passenger on its train of cars.

The allegations of the complaint, material to the questions
involved, are as follows:

"That on the 14th day of September, 1909, the plaintiff
went to Dawkins, a station on the defendant's railroad, and
purchased from the defendant's agent, at that place, a pas-
senger ticket for Shelton, another station on the defendant's
said road, paying the full price therefor, which was

demanded by the defendant's said station agent, and she thereby became a full first-class passenger on defendant's said road, and upon the arrival of the defendant's train for Shelton, the plaintiff boarded same.

"That when the said train had gone a short distance towards Shelton, the defendant's ticket auditor came to plaintiff, and took up her ticket, and after leaving plaintiff, for a short time returned to her and accused her of having given him a half ticket, which she had not done, and when the said train had been stopped at the next station, the defendant's said ticket auditor, and other agents and servants of the defendant, wrongfully, unlawfully, wilfully and wantonly, and forcibly ejected the plaintiff from the said train. * * *

"That the action of the defendant, its agents and servants, in ejecting her from the said car, as aforesaid, was not only a gross violation of the obligation which they had, for value received, assumed, to carry the plaintiff, but was a wilful, wanton, and malicious violation of the plaintiff's rights as a passenger, to her damage in the sum of two thousand dollars."

The defendant's answer to the complaint, was a general denial.

His Honor the presiding Judge thus summarized the plaintiff's testimony:

"The plaintiff's testimony impressed me as being truthful, and a correct statement of what took place. As already stated, she testified that she bought from S. T. Goodlett, a ticket agent of the defendant at Dawkins, a full fare ticket from Dawkins to Shelton, that she boarded the train here in question, and tendered to the ticket collector, the ticket so received from the agent at Dawkins, that the ticket collector, called by her 'conductor,' either at the time or shortly after receiving the ticket, claimed that it was a half fare ticket to a point of destination at Cedar Springs, some sixty miles far-

ther than Shelton, that he thereupon ordered her to get off at Blairs, a station short of her destination at Shelton, that she then commenced crying and begged him not to put her off at Blairs, and told him that the agent at Dawkins had sold her the ticket, and had told her that it was a full fare ticket to Shelton, but that the ticket collector, refusing to credit her story, forced her to leave the train at Blairs, without investigating so far as appears, the truth of her claims. As already stated, the ticket agent at Dawkins, Mr. S. T. Goodlet, corroborated her story, in so far as the purchase of the ticket from Dawkins to Shelton by her, on that day is concerned."

There was also testimony to the effect, that about the time the agent at Dawkins sold the plaintiff a ticket, he also sold a half fare ticket to another woman, who was accompanied by a little girl, on the representation that it was for the girl who was going to Cedar Springs, which was about five times the distance to Shelton; that the two women boarded the train, but the girl was left behind; that when the auditor came to collect the ticket, the two women were sitting near each other; that the plaintiff handed to the auditor a half fare ticket, in the usual form, dated September 14, 1909; good for passage from Dawkins to Cedar Springs; that the auditor then and there returned this ticket to the plaintiff with this endorsement: "Off at Blair, Acct. grown person on this ticket and no funds. Party got off on own account. No. 13. 9-14-1909. G. B. Forbes, G. C." That the plaintiff was ejected at Blair.

At the close of the plaintiff's testimony, the defendant made a motion for a nonsuit as to punitive damages, which was refused; and, at the close of all the testimony renewed such motion, but it was again refused.

The jury rendered a verdict in favor of the plaintiff for $500, and the defendant appealed upon exceptions, which will be reported.

The first exception was abandoned.

*Second and Third Exceptions:* The defendant made a motion for a new trial, and one of the grounds was, that there was error in the refusal, to sustain the motion for nonsuit. His Honor the presiding Judge in the order refusing the new trial, stated the reasons why the motion for nonsuit could not be sustained, and they are satisfactory to this Court.

*Fourth, Fifth and Sixth Exceptions:* The allegations of the complaint, that the action of the defendant, in ejecting the plaintiff, "was not only a gross violation of the obligation which it had assumed, to carry the plaintiff, but was a wilful, wanton, and malicious violation of the plaintiff's rights as a passenger," do not confine the plaintiff, to a recovery of punitive damages, as a gross violation of duty, does not necessarily involve wilful misconduct. The words "gross negligence," do not ordinarily import recklessness or wantonness, and it is only when the context shows that they were thus intended, can they be so construed. *Boyd* v. *Ry.,* 65 S. C. 326, 43 S. E. 817.

In the present case the context shows that the words "gross violation," and "wilful, wanton and malicious violation," were not used in the same sense; that the first had reference to negligence, and the second to intentional wrong.

The complaint, therefore, states two causes of action— one for negligence and the other for wantonness or wilfulness,—and the plaintiff was entitled to recover both actual and punitive damages.

*Seventh and Eighth Exceptions:* The charge set out, in the seventh exception, immediately precedes the charge in the eighth exception, and the two parts must be considered together, as they are dependent upon each other, for a proper construction.

The allegation of the complaint, is, that the plaintiff after boarding the train, delivered to the defendant's auditor, the ticket which she had purchased from the agent at Dawkins, for which she had paid full price, and which entitled her to

ride as a first-class passenger to Shelton, another station on defendant's line of road.

The defendant's answer denied, that she handed a ticket of that description, to its auditor.

His Honor in effect, charged, that even if the plaintiff did not deliver to the auditor, such a ticket as is described in the complaint, but a paper supposed by her to be such ticket, and even though she may have been negligent in so supposing, nevertheless, the defendant was liable for such damages, as she may have sustained, on account of being ejected from the train. The reason assigned by the presiding Judge for this ruling was, because the defense of contributory negligence was not interposed. It is true, the defendant was not entitled to the benefit of the defense of contributory negligence, but it had the right to rely upon the issues made by the pleadings.

Under the charge it was not necessary for the plaintiff to prove, as alleged that she delivered to the auditor, the ticket described in the complaint; and, the instruction to the jury that damages were recoverable, if the ticket purchased was not presented, but a paper which she supposed was the ticket sold to her, materially changed the issue and was unquestionably prejudicial to the rights of the appellant. These exceptions are therefore sustained.

*Ninth and Tenth Exceptions:* What has already been said disposes of these exceptions.

MR. JUSTICE WOODS *concurs in this opinion.*

MR. CHIEF JUSTICE JONES. On September 14, 1909, the plaintiff, a young, ignorant negro woman who could not read or write, boarded defendant's train as a passenger from Dawkins to Shelton, a distance of ten miles, having requested and purchased of the agent at Dawkins a full fare ticket for twenty-five cents. There was no other passenger from Dawkins that day, except Mag Black, a young negro

woman, who purchased a half fare ticket from Dawkins to Cedar Springs, a distance of fifty-five miles for sixty-five cents.

These two women were sitting either on a seat together, or on adjoining seats. Before reaching the next station, Strothers, which was three miles from Dawkins, the ticket collector came along and took up the tickets of these passengers about the same time. The collector testified positively that Mag Black gave him the full fare ticket to Shelton and that plaintiff gave him half fare ticket to Cedar Springs, that he informed plaintiff that she could not ride on a half ticket, that he demanded eighty-three cents additional fare and upon her statement that she did not have the money he told her to get off the train at Strothers, and that plaintiff requested to be carried to Blairs, because she had some people there to stay with. Blairs was a station five miles from Dawkins. The collector testified that plaintiff did not state to him that her destination was Shelton, that he did not inquire, but assumed that her destination was Cedar Springs from the ticket she presented, that he passed her to Blairs because she had the half fare ticket and that if he had known her station was Shelton he would have passed her to that point on her ticket.

The plaintiff testified that she purchased a full fare ticket to Shelton. This testimony was most positively corroborated by Jesse Morgan who saw her purchase and pay for a ticket to Shelton and saw it in her hand just before she boarded the train, and by S. T. Goodlet, defendant's agent at Dawkins, who declared that he sold and delivered to plaintiff, a full fare ticket to Shelton for which he received twenty-five cents, and this was after he had sold to Mag Black the half fare ticket to Cedar Springs.

Plaintiff testified that she gave to the ticket collector the same ticket that was given her by the defendant's agent at Dawkins, that when the collector told her that he could not carry her on a half fare ticket, she informed him that she

could not read or write, that Mr. Goodlet gave her the ticket and told her it would take her to Shelton. The plaintiff got off the train at Blairs, because she had been ordered to do so by the ticket collector. The other passenger, Mag Black, went on to Cedar Springs and was saved from ejection by the charity of fellow passengers, who made up the additional fare claimed.

I concur in the conclusion reached by Mr. Justice Gary upon all the exceptions, except the seventh and eighth. The charge complained of in these exceptions is as follows:

"If you find from the evidence that the plaintiff purchased a full fare ticket, as alleged from Dawkins to Shelton, and, if you find that plaintiff boarded the train, as alleged, as a passenger, from Dawkins to Shelton, and delivered such ticket or a paper supposed to be such ticket, to the agent or ticket auditor or conductor or other officer demanding it on the train, and, if you find that thereafter, before the arrival of the train at Shelton, the defendant's conductor or other officer on the train required the plaintiff to leave the train, or ejected plaintiff from the train, then the plaintiff would be entitled to recover the damages actually and proximately resulting from the putting off of plaintiff so far as such actual damages might have been reasonably expected so to result.

"Now, I charge you the proposition stated as to the delivery of the ticket delivered by the plaintiff, and supposed or believed by the plaintiff to be the ticket bought by her—I charge you the proposition with reference to that, for the reason that no contributory negligence is pleaded in this case, and therefore, if you conclude that the plaintiff had paid full fare for a ticket from Dawkins to Shelton, and had received such ticket from the agent of the defendant, no negligence by the plaintiff in failing to tender the right ticket can operate to defeat her right to recover damages for a wrongful ejectment from the train, because it had not been

pleaded, and it cannot be submitted to you where not pleaded."

It is contended that the charge made the defendant liable for ejection for failure to present a ticket entitling her to ride as a passenger if she presented "a paper supposed by her to be such ticket." The charge should not be considered as an abstract proposition to be generally applied, but as applicable to the concrete case as made by the facts. It will be noticed that the charge is conditional on the jury finding that plaintiff purchased and received from defendant's agent a full fare ticket to Shelton and boarded defendant's train as a passenger for Shelton. It will be further noticed that plaintiff did not tender just any kind of a paper which she supposed was a proper ticket, but that she tendered either a full fare ticket costing twenty-five cents, or a half fare ticket costing sixty-five cents. It will still further be remembered that the ticket collector treated the half fare ticket as sufficient to pass plaintiff to Blairs and that he would have treated it as sufficient to pass her to Shelton if he had only known that was her station, and there was no testimony in the case tending to show a different rule of the company. The pivotal issue arising from the testimony of defendant was whether the ticket collector knew or ought to have known that plaintiff's station was Shelton, for if plaintiff presented a half fare ticket to Cedar Springs and he had information that her destination was Shelton, an expulsion for failure to pay eighty-three cents additional would be unlawful, even if plaintiff had no right whatever under the half fare ticket, since full fare to Shelton was only twenty-five cents.

In view of the foregoing circumstances I cannot think there was any prejudicial error in the charge.

The judgment is affirmed.

MR. JUSTICE HYDRICK *concurs in this opinion.*