419 A.2d 616

**COMMONWEALTH of Pennsylvania**

v.

**Owen GALLAGHER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed April 11, 1980.

Albert M. Scibello, Assistant Public Defender, Media, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before CERCONE, President Judge, WIEAND and LOUIK, JJ.*

LOUIK, Judge:

This case turns on the issue of Defendant, Owen Gallagher's standing to challenge the validity of a search from which evidence was seized which led to his conviction. Gallagher was convicted on May 13, 1977 of: Burglary (18 Pa.C.S.A. § 3502); Possessing Instruments of Crime (18 Pa.C.S.A. § 907[a]); Criminal Conspiracy (18 Pa.C.S.A. § 903); and Incendiary Devices (18 Pa.C.S.A. § 7306).

---

* Judge DONALD E. WIEAND is sitting by special designation.
   Judge MAURICE LOUIK of the Court of Common Pleas of Allegheny County Pennsylvania, is sitting by designation.

These charges arose out of an incident on the evening of October 24, 1976 at Ernesto's Italian Market in Clifton Heights, Pennsylvania. Gallagher and his two co–defendants, David Eagen and James Parsells, were arrested that night.

Prior to the arrest, two gas station attendants at a service station near Ernesto's Market saw activity near the Market after business hours. Joseph Naylas, one of the attendants, saw a dark blue van parked alongside the Market and a few minutes later, driven away. During this time, Naylas saw two men near the van and close to an open door to the Market building.

The attendants called the police, who responded and found the defendants inside the building. The police eventually seized and arrested the defendants after one of them opened a door to the Market. At the same time as the defendants were seized, an explosion occurred on the second floor of the Market. Defendants were taken to local police stations subsequent to their arrest.

The police were advised as to the existence of the van at about this time. After a search, the van was discovered one–half block from the Market. Police discovered that the van was owned by Elizabeth Parsells of New Jersey. The vehicle was taken into custody and transported to a police station where a search warrant was prepared.

The search warrant permitted a search of the van until 10:30 P.M. A search was conducted at 10:15 P.M. Among the articles found in the van was a list of the devices used and found in the building. Defendant petitioned the court to suppress the evidence in a timely fashion and on May 2, 1977, Judge Howard F. Reed of the Common Pleas Court of Delaware County, refused to suppress the evidence.

 The court will not discuss the validity of the search warrant until it has decided whether the defendant has standing to assert the constitutional right against unreasonable search and seizure.

In *Alderman v. United States*, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969), the Court held that Fourth Amend-

ment rights are personal. "Individuals who are not themselves overheard or whose own property or privacy rights are not physically violated by unlawful police activity have no right to claim an exclusionary remedy . . ." John M. Burkoff, *The Court That Denounced the Fourth Amendment: The Triumph of an Inconsistent Exclusionary Doctrine*, 58 U. of Oregon, L.R. 151 at 162 (1979). The *Alderman*, supra, decision has been the subject of extensive discussion since its writing.

In *Brown v. United States*, 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973), the Court restated the *Alderman*, supra, rule that Fourth Amendment rights are personal and adopted as an exception to that rule a decision in an earlier Supreme Court opinion, *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), where the Court held that standing is automatic "where the possession needed to establish standing is an element of the offense . . . charged." *Brown*, supra, 411 U.S. at 227, 93 S.Ct. at 1568 (quoting from *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) as cited in *Burkoff*, supra at 163.) An example of *Jones* rule is a case involving possession of narcotic where the item seized is a necessary element of the crime itself. While the defendant might conceivably claim the list seized in the instant case was an element of the crimes which he was convicted of, this Court finds the list not to be an element of the crime, but rather evidence relevant to the trial.

In a recent case, *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), a similar case to this one, police stopped and searched an automobile which matched a description given them of the get–away car used in the crime. The search revealed a rifle, underneath a seat, and cartridge in the glove compartment. The Court held that that person who at the time of the search was a passenger in the car, though with the owner's consent, was not entitled to exclusion of the evidence:

"[P]etitioners' claims must fail. They asserted neither a property nor a possessory interest in the automobile, nor

an interest in the property seized. And . . . the fact that they were 'legitimately on [the] premises' in the sense that they were in the car with the permission of its owner is not determinative of whether they had a legitimate expectation of privacy in the particular areas of the automobile searched . . .

[T]hey made no showing that they had any legitimate expectation of privacy in the glove compartment or area under the seat . . . Like the trunk of an automobile, there are areas in which a passenger qua passenger simply would not normally have a legitimate expectation of privacy. Id. 99 S.Ct. at 433 (quoting *Jones v. United States*, 362 U.S. 257, 267, 80 S.Ct. 725, 734, 4 L.Ed.2d 697 (1960).

cited in *Burkoff*, supra, fn. 57 p. 165.

The Pennsylvania Supreme Court has adopted the *Alderman*, supra, holding and factors to establish standing under *Alderman*, supra, articulated in *Brown*, supra, in *Commonwealth v. Treftz*, 465 Pa. 614, 351 A.2d 265 (1976) wherein the court held:

"Under Brown, a defendant must allege one of the following 'personal' interest in order to establish standing: (1) his presence on the premises at the time of the search and seizure; (2) a possessory interest in the evidence improperty seized; (3) that the offense charged include as an essential element of the prosecutions' case, the element of possession at the time of the contested search and seizure; or (4) a proprietary or possessory interest in the searched premises."

Id., 465 Pa. at 621–622, 351 A.2d at 268.

The interests asserted by Gallagher concern the search of a van in which he may have been, but was not at the time of the search, a passenger. He asserts no possessory interest in the evidence improperly seized. The evidence seized was not "an essential element of the prosecution's case," nor did the defendant assert "a proprietary or possessory interest" in the van. Therefore, the defendant, Owen Gallagher, lacks standing to raise this issue:

■ The offense at "Incendiary Devices" is defined at 18 Pa.C.S.A. § 7306(c):

"(c) Definition–As used in this section the phrase 'incendiary device', means any inflammable liquid enclosed in a readily breakable container that can be equipped with an igniter of any kind."

The containers used in this case were plastic trash cans. The defendants allegedly ran high resistance wires through these containers and then filled each with gasoline. The Appellant contends that he should not be found guilty on a charge of "Incendiary Devices" because the containers were not "readily breakable." While it is true that these containers cannot be propelled against a wall like a "Molotov cocktail", it is difficult for this Court to hold they are not incendiary devices on that narrow distinction.

These containers were quite capable of being broken and thus were breakable. These plastic cans could hardly serve any purposes under these circumstances other than to be an incendiary device. They clearly were not so durable that they would contain an explosion of the kind which occurred. There would be little purpose in storing gasoline in the second floor of a stranger's building. However, even if so incredible a story were believable, its credibility fails when the existence of high resistance wires in the gasoline filled containers is added to the story. Their functions could only be to "ignite" gasoline vapors and cause an explosion.

The lower court held correctly that the defendant was guilty of the offense of "Incendiary Devices". Neither the jury below nor this court is bound by the misconceived testimony of a defense witness who tied his definition of an "incendiary device" so closely to a "Molotov cocktail" that anything which could not be thrown would not qualify. This Court adopts a common–sense reading of the statute and holds that the gasoline filled breakable plastic trash can used by the defendants constituted an incendiary device.

■ Finally, appellant complains about comments of the Assistant District Attorney in his closing. The trial court did caution the jury as to some comments. As to the

comment that the Commonwealth was not finished with the investigation of the case, although this evidence was not before the jury, it was not such a comment as to prejudice the defendants' rights to a fair trial.

The principle to be followed has been set forth by the Supreme Court in *Com. v. Palmer*, 463 Pa. 26, 36, 342 A.2d 387, 392 (1975):

". . . [e]very unwise or irrelevant remark made in the course of a trial by a judge, a witness, or counsel does not compel the granting of a new trial. Rather the remark must be 'of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial.' "

As the lower court said:

"The root, indisputable evidence was that the defendants were caught red–handed placing large quantities of gasoline in this place and setting it for ignition".

No error of prejudicial nature was committed. If any errors were committed, they were not substantial and are harmless beyond a reasonable doubt.

Judgment and sentence affirmed.