23670

The STATE, Respondent v. John L. RAMSEY, Appellant.

(430 S.E. (2d) 511)

Supreme Court

*Melvin L. Roberts,* of *Melvin L. Roberts & Associates,* York, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Rakale Buchanan Smith,* Columbia, and *Larry F. Grant, Sol., Sixteenth Judicial Circuit,* York, *for respondent.*

Reheard Dec. 9, 1992.

Decided May 3, 1993.

## ON REHEARING

HARWELL, Chief Justice:

Appellant John L. Ramsey was convicted of burning a cross on property of another and intimidation by use of an incendiary. A majority of this Court upheld his convictions in *State v. Ramsey,* Op. No. 23670 (S.C. Sup. Ct. filed June 13, 1992) (Davis Adv. Sh. No. 15 at 24) (*Ramsey I*). We granted appellant's petition for rehearing to reconsider our prior opinion in light of the United States Supreme Court's determination that cross burning constitutes expressive speech entitled to protection under the First Amendment. We vacate our prior opinion and reverse appellant's convictions.

## I. Facts

The complainant, Chief of Police of the City of York, returned home one morning to discover the charred remains of a wooden cross in his yard. Appellant subsequently was charged with burning a cross on property of another in viola-

tion of S.C. Code Ann. § 16-7-120 (1985),[1] and intimidation by use of an incendiary in contravention of S.C. Code Ann. § 16-11-550 (1985).[2] A jury found appellant guilty, and he was sentenced to prison for one year for violating section 16-7-120 and twelve years for violating section 16-11-550.

Shortly after our opinion affirming Ramsey's convictions[3] was published, the United States Supreme Court struck down a Minnesota statute outlawing the placement of bias-motivated symbols on public or private property on the grounds that the Minnesota statute impermissibly restricted the right to freedom of speech guaranteed by the First Amendment.[4] *R.A.V v. City of St. Paul*, 505 U.S. —, 112 S.Ct. 2538, 120 L.Ed. (2d) 305 (1992). We granted rehearing to consider the impact of *R.A.V.* on our decision in *Ramsey I*.

---

[1] Section 16-7-120 (1985) provides:

It shall be unlawful for any person to place or cause to be placed in a public place in the State a burning or flaming cross or any manner of exhibit in which a burning or flaming cross, real or simulated, is the whole or a part or to place or cause to be placed on the property of another in the State a burning or flaming cross or any manner of exhibit in which a burning or flaming cross, real or simulated, is the whole or a part, without first obtaining written permission of the owner or occupier of the premises so to do.

[2] Section 16-11-550 (1985) provides:

Whoever wilfully and unlawfully communicates a threat, conveys false information knowing the same to be false, concerning an attempt or alleged attempt being made or to be made to kill, injure, or intimidate any individual or unlawfully to damage or destroy any building, vehicle, or other real or personal property by means of an explosive or incendiary; or aids, agrees with, employs, or conspires with, any person to do or cause to be done any of the acts hereinbefore mentioned, shall be guilty of a felony. . . .

[3] As the majority noted in *Ramsey I*, the maximum sentence provided by section 16-11-550 is ten years. The Court reversed appellant's sentence under this statute and remanded for resentencing.

[4] Minn. Legis. Code § 292.02 (1990) provided:

Whoever places on public or private property a symbol, object, appelation, characterization or graffiti, including, but not limited to, a burning cross or Nazi swastika, which one knows or has reasonable grounds to know arouses anger, alarm or resentment in others on the basis of race, color, creed, religion or gender commits disorderly conduct and shall be guilty of a misdemeanor.

## II. DISCUSSION

The First Amendment ensures that persons may speak as they think on matters vital to them, and that noxious doctrines may be refuted and their evil averted by the courageous exercise of the right of free discussion. *Thornhill v. Alabama,* 310 U.S. 88, 60 S. Ct. 736, 84 L.Ed. 1093 (1940). Conduct may be sufficiently imbued with elements of communication so as to fall within the scope of the First Amendment. *Texas v. Johnson,* 491 U.S. 397, 109 S.Ct. 2533, 105 L.Ed. (2d) 342 (1989). Thus, the First Amendment generally prevents government from proscribing speech or expressive conduct because it disapproves of the ideas expressed. *R.A.V.,* 505 U.S. at —, 112 S.Ct. at 2542, 120 L.Ed. (2d) at 317.

As both the majority and dissenting opinions implicitly recognized in *Ramsey I,* a burning cross historically conveys ideas capable of eliciting powerful responses from those engaging in the conduct and those receiving the message. We discern that the legislature enacted section 16-7-120 in order to protect individuals and society as a whole from the reprehensible messages often sought to be symbolicly expressed by a burning cross. This purpose may be a laudable one, but it reflects the legislature's disapprobation of the ideas a burning cross represents. As disagreeable as the symbolic conduct may be, the First Amendment mandates that government may not prohibit the expression of ideas simply because society finds the ideas themselves to be offensive. *Johnson,* 491 U.S. at 414, 109 S.Ct. at 2544, 105 L.Ed. (2d) at 360.

The State urges us to construe section 16-7-120 as proscribing "fighting words."[5] We discern that we cannot cure the unconstitutionality of section 16-7-120 by such a construction. Like the Minnesota statute, section 16-7-120 does not completely prohibit the use of fighting words; rather, it prevents only the use of those fighting words symbolicly conveyed by a burning cross. The government may not selectively limit speech that communicates, as does a burning cross, messages of racial or religious intolerance. *R.A.V.,* 505

---

[5] Fighting words are personally abusive epithets which, when addressed to ordinary citizens, are, as a matter of common knowledge, inherently likely to provoke violent reaction. This category of speech is outside the First Amendment. *Cohen v. California,* 403 U.S. 15, 20, 91 S.Ct. 1780, 1784, 29 L.Ed. (2d) 284, 291 (1971).

U.S. at —, 112 S. Ct. at 2548, 120 L.Ed. (2d) at 324. We conclude that section 16-7-120 is facially unconstitutional and that appellant's conviction under this statute must be reversed.

We now address the impact of *R.A.V.* on section 16-11-550, intimidation by use of an incendiary.

A statute directed at conduct rather than speech may ■ stand; and a statute reaching a proscribable class of speech, such as threats of violence, does not infringe on First Amendment rights. *R.A.V.*, 505 U.S. at —, 112 S.Ct. at 2546, 120 L.Ed. (2d) at 322. In our view, section 16-11-550 does not, on its face, target conduct on the basis of its expressive content, and thus does not reflect an attempt by government to limit speech. We perceive, however, that section 16-11-550 as construed by the majority in *Ramsey I* presents overbreadth concerns under the First Amendment. Accordingly, we are constrained to reconsider the construction of section 16-11-550 and, in particular, the interpretation of the term "incendiary" set forth by the majority in *Ramsey I.*

In the First Amendment context, criminal statutes ■ must be scrutinized with particular care; those that make unlawful a substantial amount of constitutionally protected conduct may be held invalid even if they also have legitimate application. *R.A.V.*, 505 U.S. at —, 112 S.Ct. at 2560, 120 L. Ed. (2d) at 338 (White, J., concurring). The objectionable quality of overbreadth in the area of First Amendment freedoms depends on the danger of tolerating the existence of a penal statute susceptible of sweeping and improper application. *NAACP v. Button*, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed. (2d) 405 (1963). Therefore, when First Amendment rights are involved, this Court must look even more closely at a legislative enactment, lest, under the guise of regulating conduct that is reachable by the police power, freedom of speech suffers. *See Ashton v. Kentucky*, 384 U.S. 195, 86 S.Ct. 1407, 16 L.Ed. (2d) 469 (1966).

A majority of this Court interpreted section 16-11-550 ■ to read, "Whoever willfully and unlawfully communicates a threat ... concerning an attempt ... to ... intimidate any individual ... by means of 'something that produces or is capable of producing an effect tending to excite'... shall be guilty of a felony." To appraise the inhibitory effect of a statute, this Court may take into account possible applica-

tion of the statute in other factual contexts besides that at bar. *Bigelow v. Virginia*, 421 U.S. 809, 95 S.Ct. 2222, 44 L.Ed. (2d) 600 (1975). Here, the overbreadth of the majority's construction of "incendiary" is readily apparent. For example, a person attempting to distribute pro-life literature on the grounds of a private abortion clinic to women seeking to use the clinic could fall within the definition of one "unlawfully threatening to intimidate by means of something tending to excite." While a person engaging in such activity may be guilty of committing other offenses, such as trespass, her right to express her opinion is unassailable.

We find that section 16-11-550 is unconstitutionally overbroad as construed by the majority in *Ramsey I*. We therefore deem it appropriate to discard the majority's interpretation of "incendiary" articulated in *Ramsey I* in order to cure the impact of section 16-11-550 on the First Amendment.

In the interpretation of statutes, our sole function is to determine and, within constitutional limits, give effect to the intention of the legislature, with reference to the meaning of the language used and the subject matter and purpose of the statute. *State v. Carrigan*, 284 S.C. 610, 328 S.E. (2d) 119 (Ct. App. 1985). In construing a statute, words must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation. *Bryant v. City of Charleston*, 295 S.C. 408, 368 S.E. (2d) 899 (1988). Here, "incendiary" is utilized in conjunction with the term "explosive." Although "or" ordinarily is a disjunctive particle denoting an alternative, it may be employed as a coordinate conjunction introducing a synonymous word or phrase, or it may join different terms expressing the same idea or thing. *Martin v. Carolina Water Service, Inc.*, 280 S.C. 235, 312 S.E. (2d) 556 (Ct. App. 1984). Incendiary bombs contain chemicals that produce intensely hot fire when exploded. *The American Heritage Dictionary* 650 (2d college ed. 1982). We hold that "incendiary" when used in conjunction with "explosive" properly is defined as a bomb used to start a fire. In so holding, we overrule the Court of Appeals' decision in *State v. Garrett*, 305 S.C. 203, 405 S.E. (2d) 910 (Ct. App. 1991 (holding that a cross is a device adapted or used in setting a fire, therefore an incendiary within meaning of statute).

Defining "incendiary" to mean a fire bomb or similar device comports with other Code sections wherein the term "incendiary" is used in conjunction with the term "explosive." *See Multi-Cinema, Ltd. v. S.C. Tax Comm'n*, 292 S.C. 411, 357 S.E. (2d) 6 (1987) (in construing a statute, the Court may consider other statutes relating to the same subject matter). In S.C. Code Ann. § 16-11-555 (Supp. 1991) (use of fake bomb unlawful), "incendiary" is defined as:

> any incendiary bomb or grenade, fire bomb, or similar device, including any device which (a) consists of or includes a breakable container including a flammable liquid or compound, and a wick composed of any material which, when ignited, is capable of igniting such flammable liquid or compound, and (b) can be carried or thrown by one individual acting alone.

*See also* S.C. Code Ann. §§ 16-8-10 to -30 (Supp. 1991) (same definition of "incendiary device" in statute prohibiting offenses promoting civil disorder). It must be presumed that the legislature intended to achieve a consistent body of law. *Busby v. State Farm Mutual Automobile Insurance Co.*, 280 S.C. 330, 312 S.E. (2d) 716 (Ct. App. 1984). Defining "incendiary" to mean a fire bomb or similar device when the term "incendiary" is used in conjunction with the term "explosive" in a statute preserves continuity throughout the Code. This interpretation also is consistent with other states' use of the term "incendiary" or "incendiary device." *See, e.g., People v. Stanton*, 190 Mich. App. 558, 476 N.W. (2d) 477 (1991) (incendiary bomb or grenade, fire bomb, or similar device); *People v. Hicks*, 162 Ill. App. (3d) 707, 114 Ill. Dec. 652, 516 N.E. (2d) 807 (1987) (molotov cocktail); *People v. Owens*, 670 P. (2d) 1233 (Colo. 1983) (incendiary bomb or grenade, fire bomb, or similar device, including, but not limited to, any device with a wick in a breakable container); *Comm. v. Gallagher*, 276 Pa. Super. 593, 419 A. (2d) 616 (1980) (gasoline-filled breakable plastic trash can through which high resistance wires are run); *People v. McCrawford*, 47 A.D. (2d) 318, 366 N.Y.S. (2d) 424 (1975) (molotov cocktail).

Turning to the case before us, we find that the trial judge erred in informing the jury that section 16-11-550 spoke to devices "used to ignite fire or tending to

excite." This error was compounded by the fact that when the trial judge charged the jury, he refused to include the word "explosive" in his reading of section 16-11-550. Where a case has been submitted on an erroneous instruction, prejudicial to the defeated party, the judgment should be reversed. *Cole v. Blue Ridge Ry.*, 75 S.C. 156, 55 S.E. 126 (1906).

Our prior opinion in *Ramsey I* is vacated, and appellant's convictions for burning a cross on property of another and for intimidation by use of an incendiary are

Reversed.

CHANDLER and MOORE, JJ., concur.

FINNEY and TOAL, JJ., dissent in separate opinion.

TOAL, Justice:

I respectfully dissent. I agree that section 16-7-120 is unconstitutional under *R.A.V. supra*. I also agree that the definition of incendiary as charged by the trial court and approved in *Ramsey I* is unconstitutionally overbroad. I disagree, however, with the definition of incendiary as espoused by the majority.

Incendiary is commonly defined as "relating to or involving a deliberate burning of property." *Webster's Third New International Dictionary* 1141 (1976). Other courts have defined incendiary consistent with this definition. *See State v. Bindyke*, 25 N.C. App. 273, 212 S.E. (2d) 666 *rev'd on other grounds* 288 N.C. 608, 220 S.E. (2d) 521 (1975). Alternative definitions include "tending to excite or inflame," as well as the definition claimed by the majority: "fire bomb." However, to hold that incendiary was intended to include something merely intending to excite or inflame would be overbroad. Contrarily, defining incendiary narrowly as a fire bomb would make the statute somewhat redundant. The use of the word incendiary in the statute was clearly intended to be an alternative to explosive, not merely a further explanation.

The majority relies on the fact that the legislature has in subsequent statutes narrowly defined incendiary devices as bombs to support a similar definition is applicable here. I disagree. The definition quoted by the majority found in section 16-11-550 is expressly limited to that section. Furthermore,

the more narrow definitions provided in other statutes suggest that the legislature recognized a limiting definition was needed to prevent the term incendiary from being applied consistent with its ordinary and plain meaning as cited above and applicable to other statutes which do not include a more narrow definition. *See e.g.*, S.C. Code Ann. § 39-43-140 (Supp. 1992). If the legislature had intended to likewise limit the use of the term incendiary in § 16-11-550, it stands to reason they would have defined it narrowly within this statute as well.

Instead, the legislature has rightly determined that threats to intimidate which include the use of a burning object are particularly menacing and terrifying to the recipient. Therefore, they justify harsher penalties. Accordingly, S.C. Code § 16-11-550 is not unconstitutionally overbroad. *R.A.V. supra.*

I would further hold that the trial court's charge which defined incendiary as "pertaining to or used to ignite fire or tending to excite" was harmless beyond reasonable doubt. *Arnold v. State*, — S.C. —, 420 S.E. (2d) 834 (1992) *cert. denied* — U.S. —, 113 S.Ct. 1302, 122 L.Ed. (2d) 691 (1993). The jury found the defendant guilty of burning a cross pursuant to § 16-7-120. Therefore, the jury determined that beyond reasonable doubt, the cross was ignited. There was no evidence of any other acts which the jury could have found communicated a threat. Therefore, the jury could not have relied on the alternative definition of something tending to excite. Accordingly, I would affirm the conviction under § 16-11-550 with the sentence modification pursuant to *Ramsey I*.

FINNEY, J., concurs.