## PEOPLE *v.* RONALD ROBINSON

### OPINION OF THE COURT

1. CRIMINAL LAW—PLACING EXPLOSIVES—GASOLINE—STATUTES.

   Gasoline, when spread upon the surface of property to start a fire, is not an explosive within the meaning of the statute punishing the placing of explosives to cause property destruction which results in personal injury (MCLA 750.207).

### DISSENT BY J. H. GILLIS, J.

2. CRIMINAL LAW—STATUTES—DEFINITENESS—CONSTITUTIONAL LAW.

   *The requirement that crimes be defined with appropriate definiteness is generally held to be an essential element of due process of law.*

3. CRIMINAL LAW—STATUTES—VAGUENESS—REASONABLE CERTAINTY —CONSTITUTIONAL LAW.

   *A criminal statute which is so indefinite, vague, and uncertain that the definition of the crime or standard of conduct cannot be ascertained from the statute is unconstitutional and void; however, no more than a reasonable degree of certainty can be demanded.*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur 2d, Explosions and Explosives § 123.
[2–6] 16 Am Jur 2d, Constitutional Law § 552.
  21 Am Jur 2d, Criminal Law § 17.

4. CRIMINAL LAW—STATUTES—DEFINITENESS.

*One who deliberately goes perilously close to an area of conduct proscribed by statute takes the risk that he may cross the line.*

5. CRIMINAL LAW—STATUTES—VAGUENESS.

*A criminal statute is not necessarily void for vagueness even if a higher standard of certainty is possible, or the meaning is difficult to ascertain or susceptible of different interpretations; the Constitution does not require impossible standards.*

6. CRIMINAL LAW—PLACING EXPLOSIVES—GASOLINE—STATUTES.

*Gasoline is commonly known to be capable of exploding and, hence, the inclusion of gasoline as an explosive within the meaning of the statute punishing the placing of an explosive substance upon property with the intent to destroy the whole or any part of the property is constitutionally permissible (MCLA 750.207).*

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 October 11, 1971, at Detroit. (Docket No. 9038.) Decided November 22, 1971. Leave to appeal granted, reversal of Count III affirmed, and cause remanded to trial court, 387 Mich 770.

Ronald Robinson was convicted of wilfully or maliciously burning real property; placing, using, or distributing any inflammable, combustible, or explosive material in or about any building with intent to wilfully and maliciously burn; and placing explosives with intent to destroy property with resulting personal injury. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Boyle,* Assistant Prosecuting Attorney, for the people.

*Armand D. Bove,* for defendant on appeal.

Before: LEVIN, P. J., and R. B. BURNS and J. H. GILLIS, JJ.

R. B. BURNS, J.    Defendant was convicted after a jury trial of a three-count information with: (1) wilfully or maliciously burning real property, contrary to MCLA § 750.73 (Stat Ann 1962 Rev § 28.268); (2) placing, using or distributing any inflammable, combustible or explosive material in or about any building with intent to wilfully and maliciously burn, contrary to MCLA § 750.77 (Stat Ann 1962 Rev § 28.272); and (3) placing explosives with intent to destroy property with resulting personal injury, contrary to MCLA § 750.207 (Stat Ann 1962 Rev § 28.404).    He appeals as of right from his conviction and life sentence pursuant to MCLA § 750.207 (Stat Ann 1962 Rev § 28.404).

At approximately 2:23 a.m., January 12, 1969, a second-floor dance hall situated in the western section of the City of Detroit was criminally incinerated resulting in extensive property damage and personal injury.    On the date in question, defendant, accompanied by four others, drove to the dance hall where he was dropped off.    The other men promised to return for defendant within one-half hour.    Upon their return, he informed them that he had been denied admission.    All five then proceeded to a nearby gasoline station where defendant procured an oil can containing two gallons of gasoline.    Returning to the establishment, defendant again attempted to gain admission but was similarly refused.    Defendant then secured the gasoline and, accompanied by one of the other men, returned to the hall once more.    The three men who had remained outside testified that shortly thereafter they observed the emission of flames from the doorway of the building followed by the exiting two men.

Although defendant was not positively identified as the one who started the fire, there was testimony of an injured witness that two men entered the building, one spreading gasoline on the stairway and the other throwing the match. Defendant's three companions also testified that when the two returned to the car defendant said to the other, "You threw the match too quick!"

At trial defendant moved to strike count three—placing explosives with intent to destroy property and causing injury to any person. The motion was denied.

MCLA § 750.207 (Stat Ann 1962 Rev § 28.404) reads as follows:

"Any person who places in, upon, under, against or near to any building, car, vessel or structure, gunpowder or any other explosive substance, with intent to destroy, throw down, or injure the whole or any part thereof, which substance upon explosion shall cause injury to any person, shall be guilty of a felony, punishable by imprisonment in the state prison for life. Such convicted person shall not be eligible to parole."

The Penal Code does not define the word "explosive". The word "explosive" is defined in the Motor Vehicle Code as follows:

" 'Explosives' means any chemical compound or mechanical mixture that is commonly used or intended for the purpose of producing an explosion and which contains any oxidizing or combustive units or other ingredients in such proportions, quantities, or packing that an ignition by fire, friction, by concussion, by percussion, or by detonator of any part of the compound or mixture may cause such a sudden generation of highly heated gases that the resultant gaseous pressures are capable of producing

destructible effects on contiguous objects or of destroying life or limb." MCLA § 257.15 (Stat Ann 1968 Rev § 9.1815).

While gasoline is capable of exploding, it is not commonly used or intended as an explosive. Gasoline is highly flammable and is used to start fires.

MCLA § 750.77 (Stat Ann 1962 Rev § 28.272) provides that the use of incendiary or flammable substances to cause property destruction and personal injury is a felony.

In our opinion it was not the intent of the legislature to classify gasoline as an "explosive", when spread upon the surface of property to start a fire, under the statute.

Reversed and remanded for a new trial.

LEVIN, P. J., concurred.

J. H. GILLIS, J. (*dissenting*). Defendant was charged with a three-count information as follows: Count 1 charged that the defendant did wilfully or maliciously burn a building, contrary to § 750.73 of the Compiled Laws of 1948; count 2 charged that the defendant did use, arrange, place, devise, or distribute an inflammable, combustible, or explosive material with intent to wilfully and maliciously set fire to and burn a certain dance hall, contrary to § 750.77 of the Compiled Laws of 1948; and count 3 charged that the defendant placed an explosive substance, to wit: gasoline, upon certain property with intent to destroy the whole or any part thereof, contrary to § 750.207 of the Compiled Laws of 1948.

Defendant concentrates his attack against count 3 but alleges that inasmuch as count 3 was improperly charged against the defendant the conviction on the other two counts should likewise be reversed. Assuming *arguendo* that there was reversible error

in charging count 3, I see no legal basis whatsoever in reversing counts 1 and 2. I would also affirm the conviction on count 3.

There is no factual dispute here to the issue of whether an explosion had in fact taken place. Racks were knocked over and the front plate glass window was blown outward. Theodore Wallace, one of the original co-defendants, testified that the defendant told him that he received his burns as a result of the gasoline can exploding in front of him. However, defendant's first contention on appeal is solely one of law. Paradoxically, the issue is whether the statute may properly be construed to include gasoline as an explosive substance.

In *People* v. *Kelley* (1971), 32 Mich App 126, the defendant was charged and convicted on the same three counts as the present defendant. On appeal Kelley argued, as does the present defendant, that gasoline is not an "explosive substance" within the meaning of MCLA § 750.207, *supra*. This Court dismissed this argument expressly holding that gasoline is an "explosive substance" within the purview of the statute. Such determination likewise controls in this case.

Defendant further alleges that the statute is unconstitutional on two grounds: (1) If gasoline is determined to be within the scope of the phrase "explosive substance," the statute is "void for vagueness" and (2) the statute is overbroad in that it punishes innocent as well as criminal conduct.

The requirement that crimes be defined with appropriate definiteness, which has been referred to as a fundamental common-law concept, is now generally held to be an essential element of due process of law. *Connally* v. *General Construction Co.* (1926), 269 US 385 (46 S Ct 126, 70 L Ed 322); *Champlin Refining Co.* v. *Corporation Commission*

*of Oklahoma* (1932), 286 US 210 (52 S Ct 559, 76 L
Ed 1062); *People* v. *Austin* (1942), 301 Mich 456;
*City of Detroit* v. *Bowden* (1967), 6 Mich App 514;
*People* v. *Reese* (1961), 363 Mich 329. Thus, a
criminal statute which is so indefinite, vague, and
uncertain that the definition of the crime or standard
of conduct cannot be ascertained therefrom is uncon-
stitutional and void. The underlying principle is
that all are entitled to be reasonably informed as to
what the State commands or forbids and no one
should be required, at peril of life, liberty, or prop-
erty, to speculate as to the meaning of penal stat-
utes. However, no more than a reasonable degree of
certainty can be demanded. Nor is it unfair to re-
quire that one who deliberately goes perilously close
to an area of proscribed conduct shall take the risk
that he may cross the line. *Boyce Motor Lines, Inc.*
v. *United States* (1952), 342 US 337 (72 S Ct 329, 96
L Ed 367).

And even the fact that a higher standard of cer-
tainty is possible, or that the meaning is difficult to
ascertain or susceptible of different interpretations,
does not necessarily render the statute void. *Smith*
v. *Peterson* (1955), 131 Cal App 2d 241 (280 P2d 522,
49 ALR2d 1194). The Constitution does not require
impossible standards. If the general class of of-
fenses to which a statute refers can be made consti-
tutionally definite by a reasonable and practical con-
struction of its language, a court is under a duty to
give the statute that construction and it will not be
held void for uncertainty. *United States* v. *Harriss*
(1954), 347 US 612 (74 S Ct 808, 98 L Ed 989);
*Smith* v. *Peterson, supra; City of Dearborn Heights*
v. *Bellock* (1969), 17 Mich App 163.

In light of the above, I conclude that the constitu-
tional requirement of definiteness is not violated by
the inclusion of gasoline within the phrase "other

explosive substance." In *Kelley, supra,* p 150, this Court stated that, "it is common knowledge that gasoline, as a physical substance, is capable of exploding." Hence, since all that is required is that the language, when measured by common understanding and practices, give a person of ordinary intelligence reasonable warning that his contemplated conduct comes near the proscribed area, *State* v. *Evjue* (1948), 253 Wis 146 (33 NW2d 305, 13 ALR2d 1201), incorporation of gasoline within the purview of the statute does not render it violative of due process of law.

Finally, we turn to defendant's constitutional challenge of overbreadth regarding MCLA § 750.207, *supra*. The theory advanced is that one who lawfully placed explosives with intent to destroy a structure, which accidentally caused injury to another, could be convicted under the statute, thus violating due process of law.

It is well established that a statute can be unconstitutionally vague because of its overbreadth as well as because of imprecise terminology or phraseology, *City of Detroit* v. *Sanchez* (1969), 18 Mich App 399. Consequently, a conviction cannot be sustained under a legislative enactment which is so overbroad as to make criminal an innocent act, *City of Detroit* v. *Bowden, supra,* at 520; *City of Detroit* v. *Hodges* (1968), 13 Mich App 531, 534; *Winters* v. *New York* (1948), 333 US 507, 520 (68 S Ct 665, 92 L Ed 840). However, as was stated before, perfection in language is not the constitutional standard. A statute will be presumed constitutional unless the contrary clearly appears. Even if it can be construed two ways, one consistent with its constitutionality and the other inconsistent therewith, the former construction, if it is a reasonable interpretation, will be considered as the one presumptively intended by the

legislature. *People* v. *Dubina* (1943), 304 Mich 363; *People* v. *Piasecki* (1952), 333 Mich 122; *People* v. *Babcock* (1955), 343 Mich 671; *People* v. *Schoenberg* (1910), 161 Mich 88.

As stated in 21 Am Jur 2d, Criminal Law, § 17, p 100:

"The requisite certainty may sometimes be supplied by materials outside the statutory definition of the offense. Thus, in the case of a statute that deals with offenses difficult to define, the entire text of the statute or the subject dealt with may furnish an adequate standard of definiteness. Words or phrases which might be indefinite in one of their possible senses will not invalidate the statute where they have a well settled common-law or technical meaning which can be employed."

The above rationale was used in upholding a statute from constitutional attack based on the same theory urged here by defendant. *People* v. *Chimovitz* (1927), 237 Mich 247. In *Chimovitz* the information was based upon § 15286, 3 Compiled Laws 1915 and stated:

"Every person who shall set fire to any building mentioned in the preceding sections or to any other material with intent to cause any such building to be burned * * * whether such building is owned or occupied by himself or herself or by another, shall be punished by imprisonment * * * ."

Defendant there argued that the statute would make criminal innocent and rightful acts, therefore contravening the due-process clause of the Constitution. That Court, in dismissing the argument, referred to the title of the chapter in which the section is found, being "offenses against property". It then concluded that "offense" is synonymous with

"crime" and construed the statute as intended to apply only to acts done wilfully and maliciously. Being so construed, it is not aimed at innocent acts and, hence, does not offend the due process clause by making criminal, innocent and rightful acts.

MCLA § 750.207, *supra,* is derived from § 17106, 3 Compiled Laws 1929, whose chapter title is designated "miscellaneous offenses". The word "offense" being synonymous with "crime", I likewise conclude that the legislative intention was only to proscribe the unlawful placing of explosives. Consequently, the statute in question does not interfere with constitutionally protected rights.

I would affirm the conviction as to counts 1, 2 and 3.