**UNITED STATES of America**

v.

**Junior Lee BIRCHFIELD.**

**No. 80–30009.**

United States District Court,
M. D. Tennessee,
Nashville Division.

March 5, 1980.

Bob Lynch, Jr., Asst. U. S. Atty., Nashville, Tenn., for plaintiff.

Alfred H. Knight, Nashville, Tenn., for defendant.

### MEMORANDUM

WISEMAN, District Judge.

The defendant Birchfield has moved to dismiss Count One of the three counts charged in his indictment. For the reasons to be discussed below, the Court will order that paragraph 1 of Count One be stricken,

but the motion to dismiss Count One, as amended by this order, will be denied. The Court will further order, sua sponte, that Count Three of the indictment be dismissed in its entirety.

Count One alleges that the defendant Birchfield conspired with Joseph Gutierrez to commit two different offenses against the United States. The government first charges, in paragraph 1 of Count One, that the defendant and Gutierrez conspired to destroy a furniture store by means of an explosive. Paragraph 2 alleges a conspiracy to obtain money by means of false pretenses through the use of the Postal Service. The defendant's motion deals exclusively with paragraph 1.

Specifically, Count One alleges, essentially in the terms of the applicable statute, that the defendant conspired to "destroy by means of an explosive, that is, the use of a flaming piece of paper thrown into a building through a hole in the roof after gasoline had been poured throughout the building named Rene's New and Used Furniture Store . . . in violation of Title 18, United States Code, Section 844(i)." Defendant argues that using a flaming paper to ignite gasoline poured throughout a building does not constitute the "means of an explosive" contemplated by the statute.

Section 844(j) of Title 18 defines "explosives" thus:

(j) For the purposes of subsections (d), (e), (f), (g), (h), and (i) of this section, the term "explosive" means gunpowders, powders used for blasting, all forms of high explosives, blasting materials, fuzes (other than electric circuit breakers), detonators, and other detonating agents, smokeless powders, other explosive or incendiary devices within the meaning of paragraph (5) of section 232 of this title, and any chemical compounds, mechanical mixture, or device that contains any oxidizing and combustible units, or other ingredients, in such proportions, quantities, or packing that ignition by fire, by friction, by concussion, by percussion, or by detonation of the compound, mixture, or device or any part thereof may cause an explosion.

The definition in section 232(5), which section 844(j) incorporates, further defines "explosive or incendiary device" as follows:

(5) The term "explosive or incendiary device" means (A) dynamite and all other forms of high explosives, (B) any explosive bomb, grenade, missile, or similar device, and (C) any incendiary bomb or grenade, fire bomb, or similar device, including any device which (i) consists of or includes a breakable container including a flammable liquid or compound, and a wick composed of any material which, when ignited, is capable of igniting such flammable liquid or compound, and (ii) can be carried or thrown by one individual acting alone.

Thus the issue to be decided is whether throwing lighted paper onto uncontained gasoline inside a building amounts to the use of an explosive or incendiary device under either of these definitional statutes. The defendant argues that the common meaning of "explosive" does not encompass the means of destruction described in the indictment, nor does either of the definitional statutes (sections 844(j) and 232(5)). The government contends that paragraph 1 of the indictment describes an "incendiary device" as defined in section 232(5). There is apparently no federal case law dealing with the definition of explosive or incendiary device in this context. However, the Michigan Court of Appeals has held that under a Michigan statute very similar to 18 U.S.C. § 844(j), gasoline is not an explosive. *People v. Robinson*, 37 Mich. App. 15, 194 N.W.2d 436, *aff'd*, 387 Mich. 758, 195 N.W.2d 278 (1971).

This Court accepts the defendant's argument that throwing paper onto a gasoline-soaked floor fails to constitute the use of an explosive as contemplated by 18 U.S.C. § 844(i). The Court will take judicial notice that the form of destruction described in paragraph 1 of the indictment is a very common means of arson, and in the absence of clear statutory language or a compelling legislative history, this Court must assume that Congress, in enacting 18 U.S.C. § 844,

did not intend to exert federal jurisdiction over this traditional area of state concern. As the defendant points out, 18 U.S.C. § 844 is part of the so-called "Explosive Control Act," Pub.L. No. 91–452, Title XI, § 1102(a), 84 Stat. 956 (1970), which constitutes Title XI of the Organized Crime Control Act of 1970. The legislative history of section 844 reflects a primary concern over the large number of bombing incidents that occurred throughout the country in 1969 and 1970. *See* [1971] U.S.Code Cong. & Admin.News, pp. 4013–14, 4041–47. The legislative history in no way indicates any congressional intent to extend federal jurisdiction over arson cases, and thus this Court will apply the canon of construction that "unless Congress conveys its purpose clearly, it will not be deemed to have significantly changed the State-Federal balance." *United States v. Sutton*, 605 F.2d 260, 270 (6th Cir. 1979), quoting *United States v. Bass*, 404 U.S. 336, 349, 92 S.Ct. 515, 523, 30 L.Ed.2d 488 (1971).

■ The defendant should also prevail based on the principle of statutory construction that criminal statutes are to be construed strictly, and any ambiguities should be resolved in favor of lenity. *United States v. Sutton*, 605 F.2d at 269, quoting *Rewis v. United States*, 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971). Even when viewed in the light most favorable to the government, the question of whether either definition in 18 U.S.C. § 844(j) or 232(5) encompasses the device of throwing a flaming paper onto a gasoline-soaked floor remains ambiguous, and the issue must therefore be resolved in the defendant's favor.

The government contends that the device described in the indictment meets the definition of an explosive or incendiary device in 18 U.S.C. § 232(5)(C), and analogizes the gasoline-soaked building to a Molotov cocktail, an incendiary device whose use is clearly prohibited by section 844(i). *See United States v. Chaney*, 559 F.2d 1094 (7th Cir. 1977). While the Court appreciates counsel's ingenuity in devising this argument, his point is not well taken. If counsel's logic were accepted, it would appear that

paragraph 1 merely alleges a conspiracy to light a rather large incendiary device, an act which, in itself, is not a crime under section 844(i). The statute requires the destruction of a building by means of an incendiary device, a requirement that implicitly contemplates a separation of identity between the means of destruction (an explosive) and the object of destruction (a building). For this reason, the government's theory that Rene's Furniture Store enjoyed a sort of dual existence as both "building" and "explosive" for the purposes of section 844(i) must be rejected.

The Court therefore concludes that paragraph 1 of Count One fails to state an offense against the United States and thus should be stricken. For the same reasons, Count Three of the indictment, which alleges a substantive offense under section 844(i) based on the same allegations contained in paragraph 1 of the conspiracy count must be dismissed in its entirety.

■ The Court's holding on the "explosive" issue does not require the dismissal of Count One, however. Paragraph 2 of Count One describes a second offense against the United States, the unlawful use of the mails for the purposes of executing a scheme to obtain money by false pretenses. The defendant does not challenge paragraph 2. Because 18 U.S.C. § 371, the general conspiracy provision, prohibits a conspiracy to commit *any* offense against the United States, it is clear that the government only has to allege one unlawful purpose, and thus Count One may stand on the basis of paragraph 2 alone. *See United States v. Falcone*, 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128 (1940) (gist of conspiracy offense is agreement to commit *an* offense).

A similar result was reached by the court in *United States v. Balistrieri*, 346 F.Supp. 341 (E.D.Wis.1972), in which the defendants had moved to dismiss a conspiracy count alleging an agreement to commit three illegal offenses in violation of the Internal Revenue Code. The three offenses were set out in separate paragraphs. The court found that two of the alleged offenses failed to set forth an illegal object of the

**140**

conspiracy. The court refused to dismiss the conspiracy count, however, because paragraph 2 of the conspiracy count satisfactorily described an illegal object of the conspiracy. By the same reasoning, paragraph 2 of Count One of the indictment in the instant case, together with the overt acts alleged, sufficiently alleges an agreement to commit an offense against the United States.

Therefore, it is ORDERED that paragraph 1 of Count One of the indictment be stricken, and that the motion to dismiss Count One, as amended by this order, be denied. The Court further orders, sua sponte, that Count Three be dismissed.