## PEOPLE v STANTON

Docket No. 113297. Submitted May 7, 1991, at Detroit. Decided August 6, 1991, at 9:05 A.M. Leave to appeal sought.

Delaware Stanton, Jr., was convicted by a jury in the Saginaw Circuit Court, Fred J. Borchard, J., of placing explosives with intent to destroy or damage property and causing damage to property and of possession of an explosive device with intent to use it unlawfully against the property of another. The defendant had thrown a gasoline-filled Molotov cocktail into a residence, causing an explosion and fire. The defendant appealed.

The Court of Appeals *held:*

1. Although gasoline is not commonly used as an explosive, it is an explosive substance when used in a Molotov cocktail for purposes of the statute proscribing the placing of explosives with intent to destroy or damage property, MCL 750.206; MSA 28.403.

2. Reversal is not required on the basis that the prosecutor impeached his own witness at trial with evidence of prior inconsistent statements or that the jury was not instructed that use of such evidence is limited to the issue of credibility. Because the witness had been listed on the information, thus obliging the prosecutor to produce the witness, impeachment of the witness was allowable under MRE 607(2)(A). The defendant is not entitled to relief on appeal on the basis of the limiting instruction because he made no request for the instruction and the record disclosed no prejudice resulting from the lack of the instruction.

Affirmed.

CRIMINAL LAW — PLACING EXPLOSIVES — GASOLINE — MOLOTOV
    COCKTAILS.

Gasoline, when used in a Molotov cocktail, is an explosive substance for purposes of the statute proscribing the placing of explosives with intent to destroy or damage property and causing damage to property (MCL 750.206; MSA 28.403).

REFERENCES

Am Jur 2d, Explosions and Explosives §§ 216, 219, 221.

Possession of bomb, Molotov cocktail, or similar device as criminal offense. 42 ALR3d 1230.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Michael D. Thomas,* Prosecuting Attorney, and *J. Thomas Horiszny,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Kim Robert Fawcett*), for the defendant on appeal.

Before: REILLY, P.J., and GILLIS and MICHAEL J. KELLY, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of placing explosives with intent to destroy or damage property and causing damage to property, MCL 750.206; MSA 28.403, and possession of an explosive device with intent to use it unlawfully against the person or property of another, MCL 750.211a; MSA 28.408(1). Defendant subsequently pleaded guilty of being a fourth-felony habitual offender, MCL 769.12; MSA 28.1084. Defendant was sentenced to concurrent terms of imprisonment of ten to twenty-five years and three to fifteen years, respectively. Defendant appeals as of right. We affirm.

Defendant was convicted of throwing a device commonly known as a Molotov cocktail through the bedroom window of an occupied residence, causing extensive property damage. The device was described by witnesses as a forty-ounce Colt 45 beer bottle filled with gasoline, with a burning white cloth on top. According to the witnesses, an explosion occurred and fire spread throughout the room.

I

Defendant first argues that his conviction of placing explosives with intent to destroy or damage property must be reversed and the charge

dismissed. MCL 750.206; MSA 28.403 provides in part:

> Any person who places in, upon, under, against or near to any building, car, vessel or structure, gunpowder or any other *explosive substance,* with intent to destroy, throw down or injure the whole or any part thereof, which explosive substance shall cause the destruction or injury of the property of another, shall be guilty of a felony.

Relying on our Supreme Court's summary order in *People v Robinson,* 388 Mich 806 (1972), which affirmed this Court's decision in *People v Robinson,* 37 Mich App 15; 194 NW2d 436 (1971) (GILLIS, J., dissenting), defendant contends that reversal is warranted because gasoline is not an "explosive substance" under the statute. We disagree.

In *Robinson,* gasoline was spread on a stairway and then ignited by a match. The defendant was convicted of placing explosives with intent to destroy property, resulting in personal injury, MCL 750.207; MSA 28.404.[1] Reasoning that gasoline, although capable of exploding, was not commonly used or intended as an explosive, and that the use of incendiary or flammable substances to cause property destruction and personal injury is separately punished as a felony, MCL 750.77; MSA 28.272, this Court reversed the defendant's conviction, holding:

> [I]t was not the intent of the [L]egislature to classify gasoline as an "explosive," *when spread upon the surface of property to start a fire,* under the statute. [37 Mich App 19. Emphasis added.]

The reasoning in *Robinson,* as well as its quali-

---

[1] This statute is the same as MCL 750.206; MSA 28.403, but applies where injury to a person occurs.

fied holding, convinces us that the decision is limited to those situations where, unlike the instant case, gasoline has been spread on the surface of property to start a fire. Accordingly, we decline to read our Supreme Court's summary affirmance of that decision as implying anything broader.

As was recognized in *Robinson,* however, when used in a different manner, gasoline is capable of exploding and may be used and intended as an explosive. This is true for instance when it is used, as in this case, in a Molotov cocktail.

Moreover, we note that effective March 31, 1987, a date before this incident, the Legislature added § 528a to the Penal Code, making it a felony to demonstrate to another person the use, application, or construction of any explosive or incendiary device. MCL 750.528a; MSA 28.796(1). In this statute, "explosive or incendiary device" is defined as follows:

> "Explosive or incendiary device" means:
> (i) Dynamite, gunpowder, or other similarly explosive substance.
> (ii) Any bomb, grenade, missile, or similar device designed to expand suddenly and release internal energy resulting in an explosion.
> (iii) Any incendiary bomb or grenade, fire bomb, or similar device designed to ignite, including any device which consists of or includes a breakable container containing a flammable liquid compound and a wick composed of any material which, if ignited, is capable of igniting the flammable liquid or compound; and which may be carried or thrown by a person. [MCL 750.528a(1)(b); MSA 28.796(1)(1) (b).]

Thus, the recognition that gasoline may constitute an explosive substance when used in a Molotov

cocktail is consistent with the definition of explosive or incendiary device under § 528a(1)(b)(iii).[2]

Accordingly, we conclude that gasoline, when used in a Molotov cocktail, is encompassed within the statutory phrase "explosive substance" as used in MCL 750.206; MSA 28.403. Therefore, we find that the evidence supported the defendant's conviction under § 206.

II

Finally, defendant argues that reversal is required because the prosecutor impeached his own witness, Gloria Poole, with evidence of her prior inconsistent statements. We disagree.

Because Poole was endorsed on the information as a witness the prosecution intended to produce at trial, the prosecutor was obliged to produce her. *People v Cummings,* 171 Mich App 577, 584-585; 430 NW2d 790 (1988). Accordingly, impeachment was proper under then MRE 607(2)(A).[3]

Nor do we agree with defendant that reversal is warranted because the jury was not instructed that use of the prior statements is limited to the issue of credibility. Contrary to what defendant urges, our review of the record fails to disclose that the prosecutor argued Poole's prior inconsistent statements to the jury as substantive evidence of the defendant's guilt. Accordingly, because defendant did not request a limiting instruction at trial, and because the likelihood of prejudice re-

---

[2] Because the Penal Code did not define "explosive" at the time *Robinson* was decided, the *Robinson* Court looked to the definition of that term under the Vehicle Code. MCL 257.15; MSA 9.1815.

[3] This rule was amended on December 17, 1990, to provide that, effective March 1, 1991, the credibility of a witness may be attacked by any party, including the party calling the witness. 437 Mich, Part 1, xxxvi. See also MCL 767.40a(6); MSA 28.980(1)(6).

sulting from the absence of such an instruction has not been shown, we conclude that defendant is not entitled to relief on appeal. *People v Hodges,* 179 Mich App 629, 632; 446 NW2d 325 (1989).

Affirmed.