*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 17, 2020

Plaintiff-Appellee,

v

No. 345797
St. Clair Circuit Court
LC No. 18-001213-FH

ROLLAND SCOTT DIEGEL,

Defendant-Appellant.

Before: TUKEL, P.J., and MARKEY and SWARTZLE, JJ.

PER CURIAM.

Defendant was convicted by a jury of aggravated-domestic violence, MCL 750.81a(2). The trial court sentenced defendant, as a second-offense habitual offender, MCL 769.10, to six months in jail. Defendant appeals as of right, raising claims of ineffective assistance of counsel and prosecutorial error. We affirm.

## I. BACKGROUND

This case arises from a physical altercation that occurred between defendant and his girlfriend, Alicia Stephenson. Defendant and Stephenson started arguing after they had both been drinking alcohol, and the verbal argument devolved into a physical altercation. Stephenson admitted that she was quite intoxicated, and when the case reached trial, she could not recall the events with much detail. She did recall that defendant hit her in the face and punched a hole in the wall, but she did not remember whether defendant hit her more than once.

At trial, several witnesses testified that they spoke to Stephenson on the day after the altercation, and she told them that defendant hit her more than one time and threw her to the ground. Several witnesses also testified that they saw Stephenson on the day after the altercation, and they observed that her face was swollen and bruised. Stephenson sent her friend text messages containing pictures of her black eye and bruises on her hip, back, leg, and arm. The trial court admitted these pictures into evidence. Several individuals testified that they encouraged Stephenson to seek medical treatment, but she declined to do so. Witnesses also testified that defendant had been involved in three prior instances of domestic violence.

-1-

During closing argument, the prosecutor informed the jury that it would be instructed regarding defendant's other acts of domestic violence, and it was able to consider that evidence as it deliberated on whether defendant was guilty in this case:

> Now, another jury instruction you're going to get is something called other acts and you heard how I talked about how the Defendant has done things like this before. And maybe you sat there and you wondered why are we talking about all this other stuff and I mean we talked about the present one too, but why did we talk about all this other stuff? Well the reason that we, we did that is because the Michigan Legislature felt that domestic violence as it is—the, the dangerousness of that crime allows us to bring in other acts to show now if you think, okay, the Defendant committed these other acts, then you're actually allowed to look at that as a factor in determining whether he also committed this present domestic violence. Now that still needs to be proved beyond a reasonable doubt, but you're able to look back at those other acts and think okay if he did this before I can put that as a factor whether he did this again.

The prosecutor went on to argue that Stephenson was protecting her children from physical harm during the altercation with defendant:

> She wants to protect her children. That's why she's there in the first place. Because the Defendant does not like how these two older children that aren't his don't respect him. They're going to respect him. That's what's going to happen. But mom comes in front of that and she takes those blows for the kids. She gets thrown to the ground and she's still protecting those children as she says get back in your room.

After the parties presented their closing arguments, the trial court read the jury instructions. In relevant part, the trial court instructed the jury regarding the elements of aggravated-domestic violence. In describing the third element of the crime, the trial court stated:

> Third, that the assault caused a serious or aggravated injury. A serious or aggravated injury is a physical injury that requires immediate medical treatment or that causes disfigurement, impairment of health, or impairment of a part of the body. However, medical treatment is not required. To be considered a serious injury, a reasonable individual would seek medical treatment.

The trial court did not provide a limiting instruction regarding Stephenson's prior inconsistent statements, and neither party requested the instruction nor objected to its absence. The trial court expressly asked whether counsel had any objection to the jury instructions as given, and defense counsel answered, "No objection, Judge." Defense counsel incorporated the trial court's definition of a serious injury into his own closing argument. In doing so, defense counsel argued that a reasonable individual would not have sought medical treatment for Stephenson's injuries as evidenced by the fact that others never called an ambulance or insisted that she go to a hospital.

After deliberating, the jury convicted defendant of aggravated-domestic violence. This appeal followed.

## II. ANALYSIS

## A. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant contends that his trial counsel rendered ineffective assistance of counsel. Because defendant did not move for a new trial or an evidentiary hearing, nor did he move this Court to remand the matter, his claims of ineffective of assistance of counsel are unpreserved. See *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000); *People v Cooper*, 309 Mich App 74, 79; 867 NW2d 452 (2015). We review unpreserved claims for mistakes apparent on the record. See *People v Johnson*, 315 Mich App 163, 174; 889 NW2d 513 (2016).

Whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. *Id*. We review a trial court's findings of fact for clear error, and review de novo questions of constitutional law. *Id*. A trial court's finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made. *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014).

To establish ineffective assistance of counsel, a defendant must show that trial counsel's performance was objectively deficient, and the deficiency prejudiced the defendant. *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018). "A counsel's performance was deficient if it fell below an objective standard of professional reasonableness. The performance prejudiced the defense if it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different." *People v Fyda*, 288 Mich App 446, 450; 793 NW2d 712 (2010). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *People v LeBlanc*, 465 Mich 575, 578; 640 NW2d 246 (2002) (cleaned up). Thus, defendant must overcome the strong presumption that the challenged action could be considered sound trial strategy. *Id*.

## 1. AGGRAVATED-DOMESTIC-VIOLENCE JURY INSTRUCTION

Defendant first argues that he was denied the effective assistance of counsel when defense counsel failed to object to the trial court's jury instruction regarding the elements of aggravated-domestic violence. "A defendant is entitled to have the elements of the crime submitted to the jury in a way that is neither erroneous nor misleading." *People v Miller*, 326 Mich App 719, 727; 929 NW2d 821 (2019) (cleaned up). An imperfect instruction, however, "is not grounds for setting aside a conviction if the instruction fairly presented the issues to be tried and adequately protected the defendant's rights." *Id*. (cleaned up).

In the context of aggravated assault, this Court has defined a serious or aggravated injury as "a physical injury that requires immediate medical treatment or that causes disfigurement, impairment of health, or impairment of a part of the body." *People v Norris*, 236 Mich App 411, 415 n 3; 600 NW2d 658 (1999). This definition has been incorporated into the Michigan Model Criminal Jury Instruction for aggravated-domestic assault: "A serious or aggravated injury is a physical injury that requires immediate medical treatment or that causes disfigurement, impairment of health, or impairment of a part of the body." M Crim JI 17.6.

When the trial court instructed the jury, the trial court expanded the definition by adding to the model instruction: "However, medical treatment is not required. To be considered a serious

injury, a reasonable individual would seek medical treatment." We discern no error with regard to the second sentence as it relates to the "medical treatment" prong, but the first sentence directly contradicts the model instruction—compare "that requires immediate medical treatment" (M Crim JI 17.6) with "However, medical treatment is not required" (trial court's added instruction). This contradictory instruction, although brief, was error, and there appears to be no strategic reason why defense counsel did not object to it.

Yet, defendant must show not only deficient performance, but also prejudice from such performance. Our review of the record confirms that there was no reasonable probability that the outcome of the proceeding would have been different had defense counsel objected to the errant instruction. Witness testimony showed that Stephenson had a physical altercation with defendant. There was also ample evidence of multiple injuries to Stephenson from that altercation, including a black eye, a "mushy" head, a swollen and bruised face, and bruises on her hip, back, leg, and arm. Several witnesses testified that they told her to get medical treatment, but she refused.

Considering the record evidence, there was no reasonable probability that the outcome of the proceeding would have been different if defense counsel had objected to the trial court's modified jury instruction regarding a serious or aggravated injury. The prosecutor presented sufficient evidence to meet the definition of a serious or aggravated injury, and defendant has failed to establish a reasonable probability that the trial court's instruction affected the jury's determination. Accordingly, defendant has failed to establish that he was denied the effective assistance of counsel on his first claim.

## 2. PRIOR-INCONSISTENT-STATEMENTS JURY INSTRUCTION

Defendant next argues that trial counsel was ineffective for failing to request that the trial court instruct the jury regarding prior inconsistent statements used to impeach a witness. Stephenson made several prior statements to witnesses that were inconsistent with her trial testimony that she could only recall getting hit once in the face by defendant. According to defendant, if the trial court had read M Crim JI 4.5 to the jury, the jury would have been informed that it could only consider Stephenson's prior inconsistent statements in relation to her credibility, and not as substantive evidence of defendant's guilt. See *People v Stanton*, 190 Mich App 558, 562; 476 NW2d 477 (1991).

It is possible that defense counsel decided not to request the instruction to avoid drawing the jury's attention to the statements. With that said, we need not determine whether defense counsel's failure to request the instruction was objectively unreasonable because, like his prior claim of ineffective assistance, defendant cannot show that he was prejudiced.

Juries are presumed to follow their instructions. *People v Bruner*, 501 Mich 220, 228; 912 NW2d 514 (2018). If defense counsel had requested the limiting instruction, then the jury presumably would not have considered the prior inconsistent statements regarding the altercation and the state of her injuries as substantive evidence of defendant's guilt. Nevertheless, the jury would still have considered Stephenson's testimony that defendant hit her in the face and her daughter's testimony that defendant threw her to the ground. The jury would also have considered Stephenson's testimony that she did not remember all of the details of the altercation, but she sent pictures to others which showed her resulting injuries. The trial court admitted those pictures into

evidence, and they showed that Stephenson had extensive injuries. Similarly, the jury would have considered that several witnesses observed that Stephenson's face was swollen and bruised on the day after the altercation. Finally, the jury would have considered the fact that multiple witnesses encouraged Stephenson to seek medical treatment the day after the altercation.

Based on the compelling evidence presented at trial that did not involve Stephenson's prior inconsistent statements, there was no reasonable probability that the outcome of the proceeding would have been different if defense counsel had requested the limiting instruction. Accordingly, defendant's second claim of ineffective assistance of counsel also fails.

## B. PROSECUTORIAL ERROR

Apart from ineffective assistance of counsel, defendant argues on appeal that the prosecutor engaged in two instances of misconduct during closing argument. Initially, we note that, apart from the label used, defendant's claim is not one of misconduct but rather "prosecutorial error." See *Cooper*, 309 Mich App 87-88. The test for prosecutorial error "is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). This Court must evaluate instances of prosecutorial error "on a case-by-case basis, reviewing the prosecutor's comments in context and in light of the defendant's arguments." *People v Lane*, 308 Mich App 38, 62-63; 862 NW2d 446 (2014). Prosecutors are typically afforded great latitude regarding their arguments and conduct at trial. See *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995). They are generally free to argue the evidence and all reasonable inferences from the evidence as it relates to their theory of the case. *Id.* "The prosecutor may not inject issues into a trial that are broader than the defendant's guilt or innocence," and the prosecutor commits error when he "invites jurors to suspend their powers of judgment and decide the case on the basis of sympathy or civic duty." *Lane*, 308 Mich App at 66.

There was no objection or request for a curative instruction during closing argument, and therefore we review the unpreserved claim for plain error affecting substantial rights. *People v Brown*, 294 Mich App 377, 382; 811 NW2d 531 (2011). Under this review, "defendant must establish (1) that an error occurred, (2) that the error was plain, and (3) that the plain error affected defendant's substantial rights." *People v Kowalski*, 489 Mich 488, 505; 803 NW2d 200 (2011).

Defendant first argues that, by mentioning why the Legislature enacted a law allowing a jury to hear evidence of a prior act of domestic violence, the prosecutor appealed to the jury's sense of civic duty and injected issues beyond whether defendant was guilty in this case. Reviewing the statement in context, the prosecutor did not err. He did not ask the jury to suspend its judgment and decide the case on the basis of civic duty or expand the issues beyond guilt in this case. Rather, the prosecutor explained to the jury why evidence was presented regarding defendant's other acts of domestic violence, and why the jury was able to consider that evidence. The prosecutor qualified his explanation by stating that the jury still needed to determine that defendant committed aggravated-domestic violence in this case beyond a reasonable doubt.

Defendant next argues that the prosecutor erred by arguing that Stephenson was protecting her children from physical harm during the altercation with defendant. The prosecutor presented no evidence at trial that defendant ever physically harmed or threatened the children. Yet, the prosecutor argued during closing that Stephenson "wants to protect her children" and "takes those

blows for the kids" while "protecting those children." Reviewing the prosecutor's statements in context, the prosecutor presented several facts that were not supported by the evidence. Furthermore, these statements did not support the prosecutor's theory of the case, which was simply that Stephenson was the victim of aggravated-domestic violence committed by defendant. Thus, the prosecutor's statements were improper.

Yet, defendant has not shown that the error affected his substantial rights. The unrefuted testimony of multiple witnesses, coupled with the pictures of Stephenson's injuries documented on the day after the altercation, strongly supported the verdict. Furthermore, this Court "cannot find error requiring reversal where a curative instruction could have alleviated any prejudicial effect." *People v Bennett*, 290 Mich App 465, 476; 802 NW2d 627 (2010) (cleaned up). The jurors were instructed that they could only consider the evidence that was properly admitted in the case and that the lawyers' statements and arguments were not evidence. Thus, the jury instructions alleviated the prejudicial effect of the prosecutor's improper statement made during his closing argument, and no plain error occurred affecting defendant's substantial rights.

Affirmed.

/s/ Jonathan Tukel
/s/ Jane E. Markey
/s/ Brock A. Swartzle