*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
June 22, 2023

v

No. 362278
Wayne Circuit Court
LC No. 20-000633-02-FC

CORY ROBERT BROOKS,

        Defendant-Appellant.

Before: SWARTZLE, P.J., and CAVANAGH and LETICA, JJ.

PER CURIAM.

Defendant aided his codefendant in firebombing the victims' house with Molotov cocktails in the early hours of the morning when the victims were asleep inside the house. Defendant was convicted of two counts of assault with intent to commit murder, second-degree arson, possession of a Molotov cocktail, and preparation to burn a dwelling. We affirm.

## I. BACKGROUND

The victims' neighbor had a security camera that filmed two individuals lighting Molotov cocktails and throwing them into the victims' house. The victims identified the codefendant as one of the individuals. Defendant was seen with the codefendant one hour before the firebombing at a gas station near the victims' house, where defendant bought a small amount of gas. Defendant was also seen pulling two plastic bottles from a trash can at the gas station, and using something red, before he filled one of those bottles with the gasoline he bought. One of the bottles that defendant retrieved was green, which matched the color of one of the Molotov cocktails and both Molotov cocktails had red wicks. After defendant was interrogated by the police about the firebombing, he called an unknown female and told her to throw his lighter away. Defendant then called her again four days later to ensure that the lighter was thrown away.

Wayne District Court Judge Michael E. Wagner presided over the preliminary examination of defendant and the codefendant in the district court. During this preliminary examination, the

prosecutor was represented by assistant prosecuting attorney Kiefer Cox.[1]  Judge Wagner found that there was sufficient probable cause to bind defendant over to the circuit court for trial.

Wayne Circuit Court Judge Kevin J. Cox presided over defendant's trial and sentencing. During a pretrial hearing in which the trial court notified the parties about the trial schedule, Judge Cox stated the following:

> Uh, last thing I want to say, is, uhm, Mr. Brooks, I might be wrong about this.
>
> I have a son who's a Prosecutor, and if I'm not mistaken, I want to say my son showed me a document that was either a letter that he received from the Attorney Grievance Commission?
>
> I supposed it's possible that he changed—I think it was from the Attorney Grievance Commission, and it may be possible that you made a, filed a grievance against my son, maybe thinking, I'm not—I, I can't put myself in your head, and I, I don't exactly remember what the letter said.
>
> Although I, I did review it.
>
> You were either making a grievance against my son, or possibly, making a grievance against me, but you mislabeled me as my son.
>
> I am not certain of all of that.
>
> Does any of this ring a bell?
>
> * * *
>
> Okay.
>
> So, I just want to let you know, I'm aware of the, of that.
>
> Uhm, and I just think it should be on the record.
>
> Of course, if the intent was to, to point out to some, the Attorney Grievance Commission, or the Judicial Tenure Commission, that maybe you had the basis for a grievance against me, then, uhm, I acknowledge that.
>
> But having reviewed the Court Rules that would impact whether or not a Judge should recuse himself from a proceeding, uhm, I can, very strongly indicate, that there is no basis in this record, for this Court to recuse itself, from the trial on May 2nd.

---

[1] Kiefer Cox is now a judge on the Wayne County Circuit Court.

If your intention was to make some sort of grievance against my son, who is a Prosecutor, who, to my knowledge, is not involved with this case, in any way, shape, or form, uh, again, that would not be a basis, in this Court's judgment, of a recusal.

So, I did want to put that on the record.

So, uhm, that concludes our hearing.

During the jury trial, defendant moved for a directed verdict and argued that there was insufficient evidence to sustain a conviction. The trial court denied defendant's motion. The jury then convicted defendant on the charges listed above.

Defendant now appeals.

## II. ANALYSIS

## A. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that there was insufficient evidence to support his convictions and, in his Standard 4 brief, that the trial court erred when it denied his motion for a directed verdict because there was insufficient evidence. "This Court reviews de novo a defendant's challenge to the sufficiency of the evidence supporting his or her conviction." *People v Miller*, 326 Mich App 719, 735; 929 NW2d 821 (2019) (citation omitted). Similarly, we review de novo a trial court's decision on a directed verdict. *People v Passage*, 277 Mich App 175, 176; 743 NW2d 746 (2007).

"We review the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the prosecution proved the crime's elements beyond a reasonable doubt." *Id*. (citation omitted). "Conflicting evidence and disputed facts are to be resolved by the trier of fact. Minimal circumstantial evidence and reasonable inferences can sufficiently prove the defendant's state of mind, knowledge, or intent." *Id*. (citation omitted). "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Oros*, 502 Mich 229, 240; 917 NW2d 559 (2018).

The prosecutor charged defendant under the theory that he had aided and abetted his codefendant. MCL 767.39 states that "[e]very person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense." To support a conviction under an aiding and abetting theory, the prosecutor must demonstrate:

(1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or had knowledge that the principal[ ] intended its commission at the time that [the defendant] gave aid and encouragement. [*People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010).]

Regarding the first element, there was sufficient evidence for a rational trier of fact to conclude that the codefendant committed assault with intent to murder when he threw the Molotov cocktails into the victims' house while it was likely that the victims would be inside sleeping, putting them in danger of being killed in the house fire. See *People v Barclay*, 208 Mich App 670, 674-675; 528 NW2d 842 (1995). Similarly, there was sufficient evidence for a rational trier of fact to conclude that the codefendant was guilty of second-degree arson because he "willfully or maliciously burn[ed], damage[d], or destroy[ed] by fire or explosive a dwelling" when he threw the Molotov cocktail in the home. MCL 750.73(1). A bottle filled with gasoline satisfies the definition of a Molotov cocktail as stated by MCL 750.211a(1)(a) because gasoline can constitute an explosive substance, *People v Stanton*, 190 Mich App 558, 561-562; 476 NW2d 477 (1991), and the codefendant was clearly in possession of the bottle filled with gasoline. Lastly, a rational trier of fact could have found that the codefendant was preparing to burn a dwelling under MCL 750.79(1)(d)(vi) when he threw the Molotov cocktail, a device with an inflammable liquid, into the victims' house. Accordingly, there was sufficient evidence for a rational trier of fact to conclude that each of the crimes that defendant was charged with were at least committed by his codefendant.

Regarding the second element, a rational trier of fact could have found that defendant assisted his codefendant in obtaining the Molotov cocktails because less than an hour before the codefendant was seen firebombing the victims' house, defendant was seen at the gas station, with his codefendant, buying a small amount of gasoline, retrieving a green bottle from the trash, and filling at least one bottle with gasoline. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the bottles defendant filled with gasoline were used to make the Molotov cocktails that the codefendant threw into the victims' house. See *Miller*, 326 Mich App at 735.

Lastly, a defendant is guilty as an accomplice for "those crimes that are the natural and probable consequences of the offense he intends to aid or abet." *People v Robinson*, 475 Mich 1, 15; 715 NW2d 44 (2006). By obtaining the necessary ingredients and at least partially assembling a Molotov cocktail for the codefendant, a rational trier of fact could have concluded that defendant knew that the codefendant intended to use those cocktails to commit a malicious burning. See *Bennett*, 290 Mich App at 474 ("An aider and abetter's knowledge of the principal's intent can be inferred from the facts and circumstances surrounding an event."); see also *Miller*, 326 Mich App at 735 ("Minimal circumstantial evidence and reasonable inferences can sufficiently prove the defendant's state of mind, knowledge, or intent.").

Therefore, there was sufficient evidence, when viewing the evidence in the light most favorable to the prosecutor, to substantiate defendant's convictions. Accordingly, the trial court did not err when it denied defendant's motion for a directed verdict because there was sufficient evidence.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Next, defendant argues in his Standard 4 brief that he was denied the effective assistance of counsel because his trial counsel failed to investigate and prepare a defense for an alleged phone conversation that the codefendant had with an unknown woman. Defendant's right to counsel is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art

1, § 20. This right includes the right to the effective assistance of counsel. *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). "Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016). To preserve the issue of effective assistance of counsel for appellate review, a defendant must move for an evidentiary hearing. *People v Sabin*, 242 Mich App 656, 658; 620 NW2d 19 (2000). Because defendant did not move for a new trial or request an evidentiary hearing, this issue is unpreserved and review is limited to the record. *Id*.

To establish a claim of ineffective assistance of counsel, defendant must show that: (1) defense counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007). Defense counsel's performance is deficient if it fell below an objective standard of professional reasonableness. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). Defendant bears a heavy burden to show that counsel made errors so serious that counsel was not performing as guaranteed by the Sixth Amendment, and defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001), citing *Strickland v Washington*, 466 US 668, 104 S Ct 2052, 80 L Ed 2d 674 (1984); *People v Rockey*, 237 Mich App 74, 76-77; 601 NW2d 887 (1999). The performance will be deemed to have prejudiced the defense if it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different. *Jordan*, 275 Mich App at 667.

Defendant argues that the codefendant had a phone conversation with a woman in which the codefendant allegedly told the woman that defendant "had nothing to do with the firebombing." "Counsel always retains the duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 138 (2012) (cleaned up). "A sound defense strategy cannot follow an incomplete investigation of the case when the decision to forgo further investigation was not supported by reasonable professional judgment." *Id*. at 55. Decisions regarding what evidence to present and whether to call witnesses are presumed to be matters of trial strategy. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008).

There is no reference in the record to a conversation that the codefendant had with a woman concerning defendant's participation in the firebombing. Further, defendant only supplies conjecture that his counsel did not pursue phone records that would have, at best, demonstrated that the codefendant spoke with an individual at a certain phone number. Without any reference in the record to a conversation in which the codefendant told a woman that defendant did not participate in the firebombing, the record does not support defendant's claim that his trial counsel was ineffective for failing to investigate that alleged conversation.

## C. JUDICIAL BIAS

Defendant's final argument in his Standard 4 brief is that the trial court was biased against him because Judge Cox's son, Kiefer Cox, was the assistant prosecuting attorney who represented the prosecutor during the preliminary examination, in the district court, before Judge Wagner.

Generally, to preserve a claim of judicial bias a party must make a motion in the trial court to disqualify the judge under MCR 2.003. See *In re Contempt of Henry*, 282 Mich App 656, 679;

765 NW2d 44 (2009). Defendant did not move to disqualify Judge Cox, and we review this unpreserved claim of error for plain error affecting substantial rights. See *Duray Dev, LLC v Perrin*, 288 Mich App 143, 150; 792 NW2d 749 (2010). Under the plain-error rule, defendant bears the burden to prove: 1) an error occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights, i.e., prejudiced defendant by affected the outcome or seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of defendant's innocence. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

As stated, MCR 2.003 governs judicial disqualification. Specifically, MCR 2.003(C)(1)(g) states:

> (g) The judge or the judge's spouse, or a person within the third-degree of relationship to either of them, or the spouse of such a person:
>
> > (i) is a party to the proceeding, or an officer, director, or trustee of a party;
> >
> > (ii) is acting as a lawyer in the proceeding;
> >
> > (iii) is known by the judge to have more than de minimis interest that could be substantially affected by the proceeding;
> >
> > (iv) is to the judge's knowledge likely to be a material witness in the proceeding.

Our Supreme Court has held that a defendant "must overcome a heavy presumption of judicial impartiality." *Cain v Michigan Dep't of Corrections*, 451 Mich 470, 497; 548 NW2d 210 (1996).

In this case, defendant is correct that Kiefer Cox is a person within the third-degree of relationship to Judge Cox, who presided over the circuit court jury trial, and that Kiefer represented the prosecutor's office during defendant's preliminary examination in the district court. But defendant ignores that MCR 2.003(C)(1)(g) requires that the person within a third-degree relationship to the presiding Judge must be involved in the "proceeding." This Court was presented with a very similar situation in *People v Hill*, unpublished per curiam opinion of the Court of Appeals, issued June 25, 2009 (Docket No. 283951). In *Hill*, this Court held as follows:

> Proceeding is defined as a particular action or course or manner of action. Although the trial judge's brother served as the prosecuting attorney at the preliminary examination, the brother did not serve as the prosecutor at the circuit court level. Thus, the trial court's brother did not act as a lawyer in the circuit court proceeding. Moreover, defendant did not raise any issues pertaining to the preliminary examination or the district court proceedings. The trial judge was never asked to review the proofs presented in the lower court. Furthermore, the trial judge did not act as the trier of fact, but rather, the charges were presented to the jury. Unless a prosecuting attorney personally appears in a proceeding, he is not a representative of a party. Also, defendant did not comply with the time for filing the motion, MCR

2.003(C)(1), did not include an affidavit with the motion, MCR 2.003(C)(2), and did not cite any authority in support of the motion. In light of the above, defendant failed to overcome the presumption of judicial impartiality and failed to demonstrate that the court rules required disqualification. (quotation marks and citations omitted)

"Although unpublished opinions of this Court are not binding precedent, MCR 7.215(C)(1), they may, however, be considered instructive or persuasive." *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010) (citations omitted).

In this case, similar to *Hill*, Kiefer Cox appeared during the district court preliminary examination, and he did not act as counsel of record in the circuit court proceeding. Nor is there any indication on the record that Kiefer appeared on behalf of the prosecutor when his father was the presiding judge, or that Judge Cox reviewed the district court proceedings for which Kiefer had appeared. Defendant has not demonstrated that an error occurred because, as this Court held in *Hill*, a prosecuting attorney is not a representative of a party unless he appears in the proceeding, and Kiefer was not counsel for the prosecutor in front of his father.

Furthermore, defendant has not demonstrated that any alleged plain error affected his substantial rights because the jury acted as the trier of fact in this case. There is no indication that Judge Cox discussed the case, or proceeding, with his son, and defendant has not argued how his substantial rights were affected beyond the pure conjecture that Kiefer could have spoken with his father about this case. Moreover, the record demonstrates that Judge Cox was unaware of his son's involvement in the preliminary examination and that Kiefer only notified Judge Cox about an alleged complaint, submitted by defendant, to the Attorney Grievance Commission or Judicial Tenure Commission. Accordingly, defendant has failed to overcome the heavy presumption of judicial impartiality, and he has not demonstrated that any alleged plain error affected his substantial rights.

## III. CONCLUSION

Defendant has not demonstrated that there was insufficient evidence to substantiate his convictions, that his counsel was ineffective, or that the trial court was biased. We conclude that his convictions stand.

Affirmed.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Anica Letica